1  JOSHUA B. WAGNER  (SBN: 162092)
   LISA K. GARNER  (SBN: 155554)
2  MARITA N. LAUINGER  (SBN: 199242)
   GORDON & REES LLP
3  633 West Fifth Street, 52nd Floor
   Los Angeles, CA  90071
4  Telephone:  (213) 576-5000
   Facsimile:  (213) 680-4470
5
   jwagner@gordonrees.com
6  lgarner@gordonrees.com
   mlauinger@gordonrees.com
7
8  Attorneys for Defendants
   BURLINGTON COAT FACTORY WAREHOUSE
9  CORPORATION; BURLINGTON COAT FACTORY
   OF CALIFORNIA LLC

**FILED**
CLERK, U.S. DISTRICT COURT

APR - 5 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

CONFORMED COPY

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12
   ARMIDA RODRIGUEZ,                      CASE NO. CV13 02426 DDP (RZx)
13
                      Plaintiff,
14                                        Complaint filed October 11, 2012
          vs.
15                                        **NOTICE BY DEFENDANT**
   BURLINGTON COAT FACTORY               **BURLINGTON COAT FACTORY**
16 WAREHOUSE CORPORATION, a              **WAREHOUSE CORPORATION**
   New Jersey Corporation;               **OF REMOVAL OF STATE**
17 BURLINGTON COAT FACTORY, an           **COURT ACTION PURSUANT TO**
   unknown business entity;              **CLASS ACTION FAIRNESS ACT**
18 BURLINGTON COAT FACTORY OF
   CALIFORNIA LLC, a California
19 Limited Liability Company;
   BURLINGTON COAT FACTORY
20 WAREHOUSE OF CA, an unknown
   business entity, and DOES 1 through 50,
21 inclusive,
22                    Defendants.
23
24
25 **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

26       PLEASE TAKE NOTICE that Defendant Burlington Coat Factory

27 Warehouse Corporation ("Burlington") hereby removes to this Court the state

28 court action described below.

I.   **JURISDICTION**

1.      On October 11, 2012, Plaintiff Armida Rodriguez ("Plaintiff") filed a putative class action in the Superior Court of the State of California for the County of Los Angeles, entitled *Armida Rodriguez v. Defendant Burlington Coat Factory Warehouse Corporation, et. al.*, Case No. BC493738  (the "Complaint.").  The claims alleged against Burlington may be removed to this Court pursuant to the jurisdiction provisions of 28 U.S.C. § 1332 and 28 U.S.C. § 1453, the Class Action Fairness Act.  The Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1453, permits removal of class actions.  As amended by CAFA, 28 U.S.C. § 1332(d) vests district courts with original jurisdiction of any civil action in which, inter alia, the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and in which the aggregate number of proposed plaintiffs is 100 or greater, and any member of the plaintiff class is a citizen of a state different from any defendant.

2.      Plaintiff is a citizen of California and Defendant Burlington is a Delaware corporation with its principal place of business in Burlington, New Jersey.  (Complaint, ¶ 4; Declaration of Christopher Schaub, ¶ 2.)

3.      The only other named Defendant which has been served is Burlington Coat Factory of California, LLC.  While this is a California limited liability company, none of its members is a resident/citizen of the State of California.  In fact, the sole member of Burlington Coat Factory of California, LLC is Burlington

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

-2-

Coat Factory Warehouse Corporation.[1] (Declaration of Christopher Schaub, ¶ 3.)

4.    To Burlington's knowledge, none of the other named Defendants, "Burlington Coat Factory" and "Burlington Coat Factory Warehouse of CA" are legal entities. "Burlington Coat Factory" is a trademark owned by Burlington Coat Factory Warehouse Corporation. (Declaration of Christopher Schaub, ¶ 4.) Further, under the Class Action Fairness Act, 28 U.S.C. § 1453, consent of the other defendants is not necessary for removal.

5.    As discussed below, the amount in controversy exceeds $5 million pursuant to the claims in this lawsuit and the Class Action Fairness Act, 28 U.S.C § 1453.

## II.    ALL PROCESS, PLEADINGS AND ORDERS SERVED ON BURLINGTON

1.    Plaintiff mailed a copy of the Summons and Complaint to Burlington's counsel on March 13, 2013 with a Notice of Acknowledgement and Receipt - Civil. Burlington's counsel signed the Notice of Acknowledgement and returned it via United States Mail on March 28, 2013, effectuating service as of March 28, 2013. A copy of the Summons and Complaint served on Burlington is attached hereto as Exhibit A.

2.    All of the other pleadings on file in the State Court Action are attached hereto as Exhibit B.

---

[1] Defendant Burlington Coat Factory of California, LLC is not a California citizen, although it is organized under California law. A limited liability company has the same citizenship of all of its members. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A limited liability company is not a citizen of the State in which it is organized unless one of its members is a citizen of that State. *Hale v. Master-Soft Int'l Pty., Ltd.*, 93 F.Supp.2d 1108, 1112 (D. Co. 2000); see also *JMTR Enterprises, LLC v. Duchin*, 42 F.Supp.2d 87, 92-93 (D. Mass. 1999) (holding that a Rhode Island LLC plaintiff with Massachusetts members was diverse from defendants comprised of two Rhode Island corporations and a Rhode Island individual); *McCune Motors v. New Century Bldgs, LLC*, 2008 U.S. Dist. LEXIS 16850 (S.D. Cal. 2008) ("Unlike a corporation, which is deemed to be a citizen of the state in which it was organized and of the state in which it has its principal place of business (28 U.S.C. § 1332(c)(1)), an LLC is not a citizen of the state in which it was organized unless one of its members is a citizen of that state.").

III.    **VENUE**

1.      Venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 1391(a)(2) in that this action is presently pending in the State of California, County of Los Angeles, a district in which the Complaint states that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred and which is within the venue of the United States District Court for the Central District of California.  (Exhibit A, Complaint, ¶¶ 10, 15, 53).

IV.    **REMOVAL**

1.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), which provides that such notice "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter."  Burlington filed this notice within 30 days after Plaintiff's Complaint was served upon it.

2.      The defendants designated in the summons and complaint as Does 1 through 50, inclusive are fictitious defendants and are to be disregarded for the purposes of removal.  28 U.S.C. § 1441(a).

3.      Burlington may remove to the appropriate district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  As amended by Class Action Fairness Act [28 U.S.C. § 1453], 28 U.S.C. § 1332(d) vests district courts with original jurisdiction. 28 U.S.C. § 1332(d).  See also *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 997 (9th Cir. 2007)

V.    **AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION**

1.      The amount in controversy exceeds $5 million, based upon the number of putative class members and the Complaint's allegations.  The number of

-4-

1  putative class members is approximately 13,445 individuals.  (Declaration of
2  Christopher Schaub, ¶ 6).

3       2.    The Complaint does not state the total amount sought.  The Complaint
4  alleges: "DEFENDANTS maintained a policy and practice of requiring
5  PLAINTIFF and the Class to perform work 'off-the-clock.'  Specifically, at the
6  end of every shift, PLAINTIFF and the Class were required to first clock out and
7  then wait for and undergo loss prevention inspections ("bag check inspections")
8  before they were permitted to exit DEFENDANTS' stores."  (Complaint, Exhibit
9  A, at ¶ 18.)  The Complaint further alleges: "PLAINTIFF and the Class performed
10  work off-the-clock approximately 10 to 15 minutes per shift while waiting for and
11  undergoing DEFENDANTS' required bag check inspections."  (Complaint,
12  Exhibit A, at ¶ 20.)  The Complaint further alleges that "DEFENDANTS failed to
13  pay PLAINTIFF and the Class minimum wages by requiring them to work off-the-
14  clock; by illegally and inaccurately recording time work; by failing to property
15  maintain records of hours worked and wages earned."  (Complaint, Exhibit A, at
16  ¶ 28.)  Accordingly, the Complaint seeks to recover the unpaid balance of wages,
17  plus interest, penalties, attorney fees, and expenses and costs of suit.  (Complaint,
18  Exhibit A, at ¶ 29.)

19       3.    The Complaint also alleges that "DEFENDANTS knowingly and
20  intentionally failed to furnish PLAINTIFF and the Class with timely, itemized
21  accurate statements pursuant to Labor Code § 226(a)."  Complaint, Exhibit A, ¶ 32.
22  For this alleged violation, Plaintiff seeks all wages earned and due, interest,
23  penalties, "all amounts provided by Labor Code § 226(e)," attorney fees, and
24  expenses and costs of suit.  (Complaint, Exhibit A, at ¶ 33.)

25       4.    The Complaint also alleges that pursuant to California Labor Code
26  §§ 201, 202, and 203, upon their respective dates of discharge or quitting,
27  DEFENDANTS were required to pay PLAINTIFF and the Class all earned wages.
28  (Exhibit A, Complaint, ¶ 35.)

5.     The Complaint also alleges that Defendants were required to pay to Plaintiff and the Class all wages due to a quitting employee who did not provide 72 hour-notice no later than 72 hours after an employee quits his or her employment. (Exhibit A, Complaint, ¶ 36.)  The Complaint alleges that Defendants' alleged failure was willful.  (Exhibit A, Complaint, ¶ 36.)  Finally, the Complaint alleges:

> DEFENDANTS' willful failure to pay PLAINTIFF and the Class the wages due and owning each of them constitutes violations of Labor Code § § 201, 202 and 203, which provides that an employee's wages will continue as a penalty for up to thirty (30) days from the time the wages were due.  Therefore, PLAINTIFF and the Class are each entitled to unpaid wages, interest, penalties, attorney fees, expenses and costs incurred in this action.  (Exhibit A, Complaint, ¶ 39.)

6.     Based solely upon the alleged Cal. Labor Code § 203 violation, assuming minimum wage for each employee of $8 per hour, $64 per day, which amount is then multiplied by the 30 day maximum penalty, which totals $1,920 per individual, then $1,920 is multiplied by the class members who have left the employ of Defendants during the class period, 10,494 individuals, which equals $20,148,480.  (See Declaration of Christopher Schaub, ¶ 6.)  In addition, these violations provide for reasonable attorney fees and costs.  Accordingly, based solely upon the allegations for one cause of action (which allegations and all other allegations are expressly denied by Defendants), the amount in controversy well exceeds $5 million.

## VI.   PROPER NOTICES TO ADVERSE PARTY AND STATE COURT OF REMOVAL

1.     Pursuant to 28 U.S.C. § 1446(d), Notice to Adverse Party of Removal to Federal Court will be served promptly on Plaintiff.  Additionally, the Notice to Adverse Party of Removal to Federal Court will be filed with the Superior Court of California, County of Los Angeles, also pursuant to 28 U.S.C. § 1446(d).

NOTICE BY DEFENDANT BURLINGTON COAT FACTORY WAREHOUSE CORPORATION OF
REMOVAL OF STATE COURT ACTION PURSUANT TO CLASS ACTION FAIRNESS ACT

1    2.    If any question arises as to the propriety of the removal of this action,

2    Burlington requests the opportunity to present a brief and oral argument in support

3    of their position that this case should be removed to this District Court based upon

4    the Class Action Fairness Act.

5    WHEREFORE, Burlington prays that this action be removed from the

6    Superior Court of the State of California, County of Los Angeles to the United

7    States District Court for the Central District of California.

8
     Dated:  April  **5** , 2013                    GORDON & REES LLP

9

10                                                  By: _____

11                                                  Joshua B. Wagner
                                                    Lisa K. Garner
12                                                  Marita N. Lauinger
                                                    Attorneys for Defendants
13                                                  BURLINGTON COAT
                                                    FACTORY WAREHOUSE
14                                                  CORPORATION AND
                                                    BURLINGTON COAT
15                                                  FACTORY OF CALIFORNIA
                                                    LLC
16

17

18

19

20

21

22

23

24

25

26

27

28

-7-

BCF/1084910/15056476v.1

# EXHIBIT A

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| FARZAD RASTEGAR (State Bar #155555)<br>RASTEGAR LAW GROUP, APC<br>1010 Crenshaw Boulevard, Suite 100<br><br>Torrance, CA 90501<br>TELEPHONE NO.: (310)961-9600    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: ARMIDA RODRIGUEZ | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

PLAINTIFF/PETITIONER: ARMIDA RODRIGUEZ

DEFENDANT/RESPONDENT: BURLINGTON COAT FACTORY WAREHOUSE
CORPORATION; BURLINGTON COAT FACTORY; BURLINGTON COAT

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>BC493738 |
|---|---|

TO *(insert name of party being served):* <u>Burlington Coat Factory Warehouse Corporation</u>

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: March 13, 2013

<u>FARZAD RASTEGAR</u>
(TYPE OR PRINT NAME)        ►        (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify):* Notice of Case Assignment; ADR Package; and Notice of Initial Status Conference, Court Order Re Newly Filed Class Action and Class Action Initial Status Conference Order

*(To be completed by recipient):*
Date this form is signed: March 28, 2013

<u>Lisa K. Garner Counsel</u>
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)        ►        (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Legal<br>Solutions<br>Plus | Code of Civil Procedure,<br>§§ 415.30, 417.10 |

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** BURLINGTON COAT FACTORY WAREHOUSE
*(AVISO AL DEMANDADO):* CORPORATION, a New Jersey
Corporation; BURLINGTON COAT FACTORY, an unknown
business entity; BURLINGTON COAT FACTORY OF
CALIFORNIA LLC, a California Limited Liability
Company; BURLINGTON COAT FACTORY WAREHOUSE OF CA, an
unknown business entity, and DOES 1 through 50,
inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** ARMIDA RODRIGUEZ, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual,

> FOR COURT USE ONLY
> *(SOLO PARA USO DE LA CORTE)*
>
> CONFORMED COPY
> ORIGINAL FILED
> SUPERIOR COURT OF CALIFORNIA
> COUNTY OF LOS ANGELES
>
> OCT 11 2012
>
> John A. Clarke, Executive Officer/Clerk
>
> BY *Cristina Grijalva* /Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>LOS ANGELES SUPERIOR COURT<br>111 N. Hill Street<br>111 N. Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>BC493738 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
FARZAD RASTEGAR (State Bar #155555)          (310) 961-9600
RASTEGAR LAW GROUP, APC
1010 Crenshaw Boulevard, Suite 100
Torrance, CA 90501

| DATE: John A. Clarke<br>*(Fecha)* | Clerk, by CRISTINA GRIJALVA<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under:  ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

OCT 11 2012

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

1    FARZAD RASTEGAR, State Bar No. 155555
2    RASTEGAR LAW GROUP, APC
      1010 Crenshaw Boulevard, Suite 100
3    Torrance, California 90501
      Tel.: (310) 961-9600
4    Fax: (310) 961-9094
5
      Attorneys for Plaintiff
6    Armida Rodriguez
7

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

OCT 11 2012

John A. Clarke, Executive Officer/Clerk
BY _Cristina Grivalva_ Deputy
Cristina Grivalva

8         SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            FOR THE COUNTY OF LOS ANGELES,

10             CENTRAL JUDICIAL DISTRICT

11                              BC498738

| | |
|---|---|
| 12   ARMIDA RODRIGUEZ, an individual, | CASE NO. JAM |
| 13         Plaintiff, | ~~CLASS ACTION~~ COMPLAINT FOR: |
| 14          vs. | 1.    Failure to Pay Minimum Wages |
| 15   BURLINGTON COAT FACTORY | 2.    Failure to Provide Accurate |
| 16   WAREHOUSE CORPORATION, a New |       Statements and Maintain |
| 17   Jersey Corporation; BURLINGTON |       Required Records |
|     COAT FACTORY, an unknown business | |
| 18   entity; BURLINGTON COAT FACTORY | 3.    Failure to Pay All Wages Due to |
|     OF CALIFORNIA LLC, a California |       Discharged or Quitting |
| 19   Limited Liability Company; |       Employees |
| 20   BURLINGTON COAT FACTORY | |
|     WAREHOUSE OF CA, an unknown | 4.    Unlawful Business Practices |
| 21   business entity, and DOES 1 through 50, | |
|     inclusive, | |
| 22 | DEMAND FOR JURY TRIAL |
| 23         Defendants. | |
| 24 | |

25

26

27

28

COMPLAINT

PLAINTIFF ARMIDA RODRIGUEZ, individually, and on behalf of all other similarly situated current and former employees of DEFENDANTS BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, BURLINGTON COAT FACTORY, BURLINGTON COAT FACTORY OF CALIFORNIA LLC, BURLINGTON COAT FACTORY WAREHOUSE OF CA and DOES 1 through 50 (collectively, "DEFENDANTS"), hereby alleges as follows:

## JURISDICTION

1.     This Court is the proper court, and this action is properly filed in the Superior Court of the State of California, County of Los Angeles, because DEFENDANTS' obligations and liability arise in the County of Los Angeles, because DEFENDANTS maintain offices and transact business in the County of Los Angeles, and because the work which is the subject of this action was performed by PLAINTIFF in the County of Los Angeles.

## PLAINTIFF

2.     Plaintiff ARMIDA RODRIGUEZ ("PLAINTIFF"), individually, and on behalf of all other similarly situated current and former employees of DEFENDANTS, brings this Class Action to recover, among other things, unpaid wages earned and due, penalties accruing thereon, as well as interest, attorneys' fees, costs and expenses, all incurred as a result of DEFENDANTS' illegal and unlawful timekeeping and payroll policies, including, the failure to pay minimum wage compensation, requiring employees to perform work "off-the-clock", and the failure to maintain and provide required records and itemized statements.

3.     PLAINTIFF reserves the right to name additional class representatives.

4.     The PLAINTIFF is a resident of Los Angeles County, California.  At all relevant times herein, she has been employed by DEFENDANTS, as a non-exempt, non-managerial hourly employee.

5.     PLAINTIFF brings this action against DEFENDANTS on her own behalf and on behalf of all current and former non-exempt, non-managerial hourly employees of DEFENDANTS in the State of California who worked in DEFENDANTS' California

2.

COMPLAINT

1  retail stores, who were employed by DEFENDANTS beginning four years preceding the

2  filing of this Action to the present (the "Class").

3  **DEFENDANTS**

4      6.    At all relevant times alleged herein, PLAINTIFF is informed and believes,

5  and thereon alleges that DEFENDANT BURLINGTON COAT FACTORY

6  WAREHOUSE CORPORATION is, and at all times relevant hereto was, a corporation

7  organized and existing under the laws of the State of New Jersey.  PLAINTIFF is further

8  informed and believes, and thereon alleges, that DEFENDANT BURLINGTON COAT

9  FACTORY WAREHOUSE CORPORATION is authorized to conduct business in the

10  State of California, and does conduct business in the State of California.  Specifically,

11  DEFENDANT BURLINGTON COAT FACTORY WAREHOUSE CORPORATION

12  maintains offices and facilities and conducts business in the County of Los Angeles, State

   of California.

13      7.    At all relevant times alleged herein, PLAINTIFF is informed and believes,

14  and thereon alleges that DEFENDANT BURLINGTON COAT FACTORY is, and at all

15  times relevant hereto was, a business entity organized and existing under the laws of the

16  State of California.  PLAINTIFF is further informed and believes, and thereon alleges, that

17  DEFENDANT BURLINGTON COAT FACTORY is authorized to conduct business in

18  the State of California, and does conduct business in the State of California.  Specifically,

19  DEFENDANT BURLINGTON COAT FACTORY maintains offices and facilities and

20  conducts business in the County of Los Angeles, State of California.

21      8.    At all relevant times alleged herein, PLAINTIFF is informed and believes,

22  and thereon alleges that DEFENDANT BURLINGTON COAT FACTORY OF

23  CALIFORNIA LLC is, and at all times relevant hereto was a limited liability company

   organized and existing under the laws of the State of California.  PLAINTIFF is further

24  informed and believes, and thereon alleges, that DEFENDANT BURLINGTON COAT

25  FACTORY OF CALIFORNIA LLC is authorized to conduct business in the State of

26  California, and does conduct business in the State of California.  Specifically,

27  DEFENDANT BURLINGTON COAT FACTORY OF CALIFORNIA LLC maintains

28

3.

COMPLAINT

1   offices and facilities and conducts business in the County of Los Angeles, State of

2   California.

3       9.    At all relevant times alleged herein, PLAINTIFF is informed and believes,

4   and thereon alleges that DEFENDANT BURLINGTON COAT FACTORY

5   WAREHOUSE OF CA is, and at all times relevant hereto was, a business entity organized

6   and existing under the laws of the State of California.  PLAINTIFF is further informed and

7   believes, and thereon alleges, that DEFENDANT BURLINGTON COAT FACTORY

8   WAREHOUSE OF CA is authorized to conduct business in the State of California, and

    does conduct business in the State of California.  Specifically, DEFENDANT

9   BURLINGTON COAT FACTORY WAREHOUSE OF CA maintains offices and

10  facilities and conducts business in the County of Los Angeles, State of California.

11      10.    Upon information and belief, DEFENDANTS engaged in the same illegal

12  timekeeping and payroll practices as DOES 1 through 50, through methods and schemes

13  which include, but are not limited to, formulating, participating in and directing the illegal

14  timekeeping and payroll practices and policies alleged herein; sharing computer servers,

15  personnel, payroll systems and databases; giving and receiving advice on payroll and

16  human resource issues as an ostensible or actual single entity; and/or acting as a joint

17  enterprise, joint employer, alter ego, division, affiliate, subsidiary, parent, principal,

18  related entity, co-conspirator, authorized agent, partner, joint venturer, and/or guarantor of

19  each other and/or with each other.

20      11.    All claims against DEFENDANTS are therefore also pled against DOES 1

21  through 50.

22      12.    The true names and capacities of DOES 1 through 50, inclusive, are

23  unknown to PLAINTIFF, who therefore sues said DOE Defendants by fictitious names.

    PLAINTIFF will amend this Complaint to show their true names and capacities when they

24  have been ascertained.

25      13.    Upon information and belief, DEFENDANTS were the alter egos,

26  divisions, affiliates, integrated enterprises, subsidiaries, parents, principals, related entities,

27  co-conspirators, authorized agents, partners, joint venturers, guarantors, actual or

28  ostensible of each other and DOES 1 through 50.

               COMPLAINT

14.     At all relevant times herein, in perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to and in furtherance of their unlawful timekeeping and payroll policies and practices of not paying PLAINTIFF and the Class all wages earned and due and all wages due upon discharge or quitting, through methods and schemes including but not limited to, failing to properly record time worked by employees, requiring employees to perform work off-the-clock, failing to provide accurate itemized statements per pay period; and failing to properly maintain required records in violation of the California Labor Code and Industrial Welfare Commission Orders.

15.     PLAINTIFF is informed and believes, and thereon alleges that each and every one of the acts and omissions alleged herein was performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

16.     At all relevant times alleged herein, PLAINTIFF is informed and believes, and thereon alleges that DEFENDANTS were joint employers of PLAINTIFF and the Class.

17.     As a direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFF and the Class have suffered and continue to suffer from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

## FACTS

18.     DEFENDANTS maintained a policy and practice of requiring PLAINTIFF and the Class to perform work "off-the-clock."   Specifically, at the end of every shift, PLAINTIFF and the Class were required to first clock out and then wait for and undergo loss prevention inspections  ("bag check inspections") before they were permitted to exit DEFENDANTS' stores.

19.     DEFENDANTS' bag check inspection policy was applied consistently to PLAINTIFF and the Class.  The bag check inspections were a part of DEFENDANTS' loss prevention policy designed for the sole and exclusive benefit of DEFENDANTS.  The

bag check inspections were meant to ensure that DEFENDANTS' employees who worked at their retail store locations did not steal company merchandise from their stores. Therefore, these bag check inspections were a term and condition of employment with DEFENDANTS, and thus, waiting for and undergoing these bag check inspections constituted compensable work time for PLAINTIFF and the Class. DEFENDANTS, however, failed to pay PLAINTIFF and the Class for this work time that was required to be performed while "off-the-clock."

20.   PLAINTIFF and the Class performed work off-the-clock approximately 10 to 15 minutes per shift while waiting for and undergoing DEFENDANTS' required bag check inspections.

21.   PLAINTIFF was employed by DEFENDANTS at one of their retail stores located in Compton, California.  PLAINTIFF began employment with DEFENDANTS in or around November 3, 2010 as a non-exempt, non-managerial hourly employee. PLAINTIFF'S last day of employment with DEFENDANTS was in or around July 20, 2012.

22.   PLAINTIFF'S job title was "floater."  As a floater, PLAINTIFF'S job duties included, but were not limited to, assisting customers, organizing clothing and merchandise, putting away "go-backs", cleaning, stocking merchandise, and answering and responding to telephone calls.

23.   DEFENDANTS' unlawful bag check inspection policy was in effect throughout PLAINTIFF'S employment with DEFENDANTS.  Specifically, at the end of each shift, DEFENDANTS required PLAINTIFF and her co-workers to first clock out, and then walk over to the main entrance of the store and wait for, and subsequently undergo, a bag check inspection that was either performed by a manager or loss prevention employee, prior to being permitted to exit the store.

## CLASS ACTION DESIGNATION

24.   PLAINTIFF respectfully seeks class certification pursuant to California Code of Civil Procedure Section 382 of the following class of current and former employees of DEFENDANTS:

COMPLAINT

1   All current and former non-exempt, non-managerial hourly employees of

2   DEFENDANTS in the State of California who worked in DEFENDANTS'

3   California retail stores, who were employed by DEFENDANTS beginning

4   four years preceding the filing of this Action to the present (the "Class").

5   25.   This action is appropriately suitable for class treatment because:

6   A.   The Class is a significant number.  Joinder of all current and former

7   employees individually would be impractical.

8   B.   This action involves common questions of law and fact to the Class

9   because the action focuses on the DEFENDANTS' systematic course of illegal

10  timekeeping and payroll practices and policies, which was applied to the Class in violation

11  of the California Labor Code and Industrial Welfare Commission Orders  and the

12  California Business and Professions Code, which prohibits unfair business practices

13  arising from such violations.  The common questions of law and fact include, without

14  limitation:

15  1.   Whether DEFENDANTS violated the California Labor Code and

16  Wage Orders by not compensating PLAINTIFF and the Class for all hours worked;

17  2.   Whether DEFENDANTS violated the California Labor Code and

18  Wage Orders by failing to compensate PLAINTIFF and the Class with minimum wages;

19  3.   Whether DEFENDANTS violated the California Labor Code and

20  Wage Orders by failing to, among other things, maintain accurate records of earned wages,

21  time worked, and work periods of PLAINTIFF and the Class; failing to provide accurate

22  itemized wage statements of all hours worked and wages earned by PLAINTIFF and the

23  Class, and failing to maintain other required records pertaining to PLAINTIFF and the

24  Class;

25  4.   Whether DEFENDANTS violated the California Labor Code and

26  Wage Orders by failing to pay all earned wages due and owing to PLAINTIFF and the

27  Class at the time of termination or quitting;

28  5.   Whether DEFENDANTS violated section 17200 *et seq.* of the

California Business and Professions Code by unlawfully requiring PLAINTIFF and the

Class to work without being paid an hourly wage, and converting same to

7.

COMPLAINT

1  DEFENDANTS' own use; by failing to pay all wages and compensation due and owing to

2  PLAINTIFF and the Class upon termination or quitting; and by failing to keep accurate

3  records of the time worked and wages earned by PLAINTIFF and the Class.

4          C.     The claims of the PLAINTIFF are typical of the Class because

5  DEFENDANTS subjected PLAINTIFF and all members of the Class to the identical

6  violations of the California Labor Code, Wage Orders and California Business and

7  Professions Code.

8          D.     The PLAINTIFF is able to fairly and adequately protect the interests

9  of all members of the Class because it is in her best interest to prosecute the claims alleged

herein to obtain full compensation due to her for all services rendered and hours worked.

10          E.     The names and addresses of the persons who are members of the

11  Class are available and ascertainable from DEFENDANTS' records and are therefore

12  known to DEFENDANTS.  Notice can be provided to members of the Class by mail, or by

13  using techniques and a form of notice similar to those customarily used in class actions

14  under California law.

15                           FIRST CAUSE OF ACTION

16                   Failure to Pay Minimum Wages

17       26.    PLAINTIFF incorporates herein by specific reference as though fully set

18  forth the allegations in paragraphs 1 through 25.

19       27.    Pursuant to California Labor Code §1194 and §1197, payment of less than

20  the minimum wage fixed by the Industrial Welfare Commission is unlawful.

21       28.    DEFENDANTS failed to pay PLAINTIFF and the Class minimum wages by

22  failing to pay for all hours worked through requiring PLAINTIFF and the Class to perform

23  work off-the-clock; by illegally and inaccurately recording time worked; by failing to

24  properly maintain records of hours worked and wages earned; and by other methods to be

discovered.

25       29.    DEFENDANTS' conduct described herein violates Labor Code §§ 226, 510,

26  1194, 1197 and IWC Order 7.  As a proximate result of the aforementioned violations,

27  PLAINTIFF and the Class have been damaged in an amount according to proof at trial.

28  Therefore, pursuant to California Labor Code §§ 200, 203, 218.5, 226, 558, 1194, 1994.2,

COMPLAINT

1197.1, and other applicable provisions under the Labor Code and IWC Orders,
PLAINTIFF and the Class are entitled to recover the unpaid balance of wages
DEFENDANTS owe PLAINTIFF and the Class, plus interest, penalties, attorneys' fees,
expenses and costs of suit.

## SECOND CAUSE OF ACTION

### Failure to Provide Accurate Itemized Statements and Maintain Required Records

30.     PLAINTIFF incorporates herein by specific reference as though fully set
forth the allegations in paragraphs 1 through 29.

31.     At all times relevant herein, DEFENDANTS failed to maintain records
regarding, and failed to provide accurate itemized statements of, information required
under California Labor Code §§ 226, 226.3, 1174 and 1174.5 and IWC Order 7 -2001(7),
with respect to PLAINTIFF and the Class, including but not limited to, information
concerning all hours worked, all hourly rates in effect during each pay period and the
corresponding number of hours worked at each hourly rate.  DEFENDANTS also failed to
provide accurate itemized statements to PLAINTIFF and the Class containing information
as to the name and address of the legal entity that was their employer.

32.     DEFENDANTS knowingly and intentionally failed to furnish PLAINTIFF
and the Class with timely, itemized accurate statements pursuant to Labor Code § 226(a).

33.     As a proximate result of the aforementioned violations, PLAINTIFF and the
Class have been damaged in an amount according to proof at trial, and seek all wages
earned and due, interest, penalties, all amounts provided by Labor Code § 226(e),
attorneys' fees, and expenses and costs of suit.

## THIRD CAUSE OF ACTION

### Failure to Pay All Wages Due to Discharged or Quitting Employees

34.     PLAINTIFF incorporates herein by specific reference as though fully set
forth the allegations in paragraphs 1 through 33.

35.     Pursuant to California Labor Code §§ 201, 202, and 203, upon their
respective dates of discharge or quitting, DEFENDANTS were required to pay
PLAINTIFF and the Class all earned wages.

COMPLAINT

36.     Pursuant to California Labor Code § 202, DEFENDANTS were required to pay to PLAINTIFF and the Class all wages due to a quitting employee who did not provide 72-hour notice no later than 72 hours after an employee quits his or her employment.

37.     At the time of all respective termination and quitting dates of PLAINTIFF and the Class, PLAINTIFF and the Class had unpaid wages.  In violation of Labor Code §§ 201, 202 and 203, DEFENDANTS failed to pay wages due and owing to PLAINTIFF and the Class, who are or were former employees, in amounts to be proven at the time of trial, but in excess of the jurisdiction of this Court.

38.     DEFENDANTS' failure to pay the respective wages due and owing to PLAINTIFF and the Class was willful, as DEFENDANTS were apprised of the wages due, but failed to pay such wages.

39.     DEFENDANTS' willful failure to pay PLAINTIFF and the Class the wages due and owing each of them constitutes violations of Labor Code §§ 201, 202 and 203, which provides that an employee's wages will continue as a penalty for up to thirty (30) days from the time the wages were due.  Therefore, PLAINTIFF and the Class are each entitled to unpaid wages, interest, penalties, attorneys' fees, expenses and costs incurred in this action.

## FOURTH CAUSE OF ACTION

### Unfair Business Practices

40.     PLAINTIFF incorporates herein by specific reference as though fully set forth the allegations in paragraphs 1 through 39.

41.     By violating the foregoing statutes and regulations, DEFENDANTS' acts constitute unfair and unlawful business practices under California Business and Professions Code §§ 17200, *et seq.*

42.     DEFENDANTS' violations of the aforementioned California wage and hour laws constitute a business practice because they were done repeatedly over a significant period of time, and in a systematic manner to the detriment of PLAINTIFF and the Class.

43.     For the four (4) years preceding the filing of this action, PLAINTIFF and the Class have suffered damages and request damages and/or restitution of all monies to be

10.                                        COMPLAINT

1  disgorged from DEFENDANTS in an amount according to proof at time of trial, but in

2  excess of the jurisdiction of this Court.  Therefore, PLAINTIFF and the Class are each

3  entitled to unpaid wages, interest, penalties, attorneys' fees, expenses and costs incurred in

4  this action.

5       Wherefore, PLAINTIFF prays for relief as follows:

6       1.    For nominal damages;

7       2.    For compensatory damages;

8       3.    For restitution of all monies due to PLAINTIFF and the Class; and
disgorged profits from the unlawful business practices of DEFENDANTS;

9       4.    For all applicable penalties under the California Labor Code and IWC

10  Orders and for violations alleged herein;

11       5.    For liquidated damages pursuant to Labor Code § 1194.2;

12       6.    For civil penalties according to proof;

13       7.    For interest accrued to date;

14       8.    For costs of suit and expenses;

15       9.    For reasonable attorney's fees;

16       10.   For injunctive relief;

17       11.   For declaratory relief;

18       12.   For all such other and further relief that the Court may deem just and

19            proper.

20  Dated: October 8, 2012          Respectfully submitted,

21                      RASTEGAR LAW GROUP, APC

22

23                      By: _____

24                        Farzad Rastegar
                      Attorneys for Plaintiff
                      Armida Rodriguez

25

26

27

28

             COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a jury trial with respect to all issues triable of right by jury.

Dated:  October 8, 2012

Respectfully submitted,

RASTEGAR LAW GROUP, APC

By: _____
Farzad Rastegar
Attorneys for Plaintiff
Armida Rodriguez

COMPLAINT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)
Case Number _____

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Michael P. Linfield | 10 | 631 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Terry A. Green | 14 | 300 | Hon. John L. Segal | 50 | 508 |
| Hon. Richard Fruin | 15 | 307 | Hon. Abraham Khan | 51 | 511 |
| Hon. Rita Miller | 16 | 306 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Steven J. Kleifield | 53 | 513 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Barbara Scheper | 30 | 400 | Hon. David L. Minning | 61 | 632 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Mark Mooney | 68 | 617 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Ramona See | 69 | 621 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Daniel Buckley | 35 | 411 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. William F. Fahey | 78 | 730 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | **Hon. Emilie H. Elias** | **324** | **CCW** |
| Hon. Michelle R. Rosenblatt | 40 | 414 | **Hon. Elihu M. Berle** | **323** | **CCW** |
| Hon. Ronald M. Sohigian | 41 | 417 | other | | |
| Hon. Holly E. Kendig | 42 | 416 | | | |
| Hon. Mel Red Recana | 45 | 529 | | | |
| Hon. Fredrick C. Shaller | 46 | 601 | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 01/12)
LASC Approved 05-06
For Optional Use

NOTICE OF CASE ASSIGNMENT --

UNLIMITED CIVIL CASE

Page 1 of 2

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Three Rules were effective January 1, 1994.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts.  These matters may be heard and resolved at this conference.  At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

LACIV CCH 190 (Rev. 01/12)
LASC Approved  05-06
For Optional Use

**NOTICE OF CASE ASSIGNMENT –**

**UNLIMITED CIVIL CASE**

Page 2 of 2

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff/petitioner shall serve a copy of this form on each defendant/respondent along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation, and settlement conference are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    **Cases for Which Arbitration May Be Appropriate**
    Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    **Cases for Which Arbitration May Not Be Appropriate**
    If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    **Cases for Which Mediation May Be Appropriate**
    Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    **Cases for Which Mediation May Not Be Appropriate**
    Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

    **Cases for Which Neutral Evaluation May Be Appropriate**
    Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

    **Cases for Which Neutral Evaluation May Not Be Appropriate**
    Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conference:**
A settlement conference may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement *conferences* are often held close to the date a case is set for trial.

LAADR 005 (Rev. 01-12)       **ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**       Cal. Rules of Court, rule 3.221
LASC Adopted 10-03       Page 1 of 2
For Mandatory Use

# COURT ADR PROGRAMS

CIVIL:
- Arbitration (non-binding) (Code Civ. Proc. §§ 1141.10-1141.31, Cal. Rules of Court, rules 3.810-3.830, and Local Rules, rule 3.252 et seq.)
- Mediation (Code Civ. Proc. §§ 1775-1775.15, Cal. Rules of Court, rules 3.850-3.860, 3.865-3.872 and 3.890-3.898, Evid. Code §§ 1115-1128, and Local Rules, rule 3.252 et seq.)
    - o Civil Harassment Mediation
    - o Eminent Domain Mediation (Code Civ. Proc. §1250.420)
    - o Small Claims Mediation
- Neutral Evaluation (Local Rules, rule 3.252 et seq.)
- Settlement Conference
    - o Voluntary Settlement Conference (Local Rules, rule 3.252 et seq.)
    - o Retired Judge Settlement Conference

FAMILY (non-custody):
- Arbitration (non-binding) (Fam. Code § 2554 and Local Rules, rule 5.18)
- Mediation (Local Rules, rule 5.18)
- Settlement Conference
    - o Forensic Certified Public Accountant (CPA)
    - o Spanish Speaking Settlement Conference

PROBATE:
- Mediation
- Settlement Conference

## NEUTRAL SELECTION

Parties may select an arbitrator, mediator, or evaluator from the Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Panel, the ADR staff will assign on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

Party Select Panel — The Party Select Panel consists of arbitrators, mediators, and evaluators who have achieved a specified level of experience in court-annexed cases. The parties (collectively) are charged $150.00 per hour for the first three hours of hearing time. Thereafter, parties may stipulate in writing for additional hearing time at the rate established by the neutral.

Random Select Panel — The Random Select Panel consists of trained arbitrators, mediators, evaluators, and settlement officers who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that Random Select Panel neutrals provide three hours hearing time per case on a pro bono basis. Thereafter, parties may stipulate in writing for additional hearing time at the rate established by the neutral.

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX | EMAIL |
|---|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | 1st Fl. | Lancaster, CA 93534 | 661-974-7275 | 661-945-8173 | AntelopeADR@lasuperiorcourt.org |
| Chatsworth | 9425 Penfield Ave. | 3100 | Chatsworth, CA 91311 | 818-576-8585 | 818-576-8733 | ChatsworthADR@lasuperiorcourt.org |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | 310-603-3072 | 310-223-0337 | ComptonADR@lasuperiorcourt.org |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | 818-500-3160 | 818-548-5470 | GlendaleADR@lasuperiorcourt.org |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | 562-491-6272 | 562-437-3802 | LongBeachADR@lasuperiorcourt.org |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | 562-807-7243 | 562-462-9019 | NorwalkADR@lasuperiorcourt.org |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | 626-356-5685 | 626-666-1774 | PasadenaADR@lasuperiorcourt.org |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | 909-620-3183 | 909-629-6283 | PomonaADR@lasuperiorcourt.org |
| San Pedro | 505 S. Centre St. | 209 | San Pedro, CA 90731 | 310-519-6151 | 310-514-0314 | SanPedroADR@lasuperiorcourt.org |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | 310-260-1829 | 310-319-6130 | SantaMonicaADR@lasuperiorcourt.org |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | 213-974-5425 | 213-633-5115 | CentralADR@lasuperiorcourt.org |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | 310-222-1701 | 310-782-7326 | TorranceADR@lasuperiorcourt.org |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | 818-374-2337 | 818-902-2440 | VanNuysADR@lasuperiorcourt.org |

LAADR 005 (Rev. 01-12)
LASC Adopted 10-03
For Mandatory Use

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

Cal. Rules of Court, rule 3.221
Page 2 of 2

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## DISPUTE RESOLUTION PROGRAM ACT (DRPA) PROVIDERS

JOHN A. CLARKE, EXECUTIVE OFFICER/CLERK                    ALTERNATIVE DISPUTE RESOLUTION (ADR) DEPARTMENT

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act (DRPA) to provide information about the availability of local dispute resolution programs funded under DRPA. For more information regarding these programs, contact the Los Angeles County Department of Community and Senior Services Contracts Administration Office at 213-738-2621. The following is a list of the local dispute resolution programs funded in Los Angeles County.

Superior Court of California, County of Los Angeles, ADR Office 213-974-5425
www.lasuperiorcourt.org/ADR

---

**STAFF AND VOLUNTEERS OF THE FOLLOWING AGENCIES ARE NOT EMPLOYEES OF THE SUPERIOR COURT:**

---

Asian-Pacific American Dispute Resolution Center 213-250-8190 www.apadrc.org

California Academy of Mediation Professionals 818-377-7250 www.campmediation.org

California Lawyers for the Arts, Arbitration, and Mediation Service 310-998-5590
www.calawyersforthearts.org

Center for Civic Mediation 877-473-7658 213-896-6533 www.centerforcivicmediation.org

Center for Conflict Resolution 818-705-1090 www.ccr4peace.org

Centinela Youth Services, City of Hawthorne 310-970-7702 www.cys.la.org

Inland Valleys Justice Center 877-832-9325 www.ivjc.org

Korean American Coalition 4.29 Dispute Resolution Center 213-365-5999 www.kacla.org

Los Angeles County Department of Consumer Affairs, Dispute Settlement Services 213-974-0825
www.dca.lacounty.gov

Loyola Law School, The Center for Conflict Resolution 213-736-1145 www.lls.edu/ccr

Norwalk Dispute Resolution Program 562-929-5603 www.ci.norwalk.ca.us/socialservices2.asp

Office of the Los Angeles City Attorney, Dispute Resolution Program 213-485-8324
www.atty.lacity.org/mediate

---

**THE PROGRAMS LISTED ABOVE DO NOT OFFER LEGAL ADVICE OR HELP YOU RESPOND TO A SUMMONS; HOWEVER, THEY MAY ASSIST IN RESOLVING YOUR PROBLEM THROUGH MEDIATION.**

---

| NAME, ADDRESS, TELEPHONE, FAX, and E-MAIL: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Click on the button to select the appropriate court address.

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties in the above-titled action stipulate to participate in the Alternative Dispute Resolution (ADR) process checked below:

☐ Mediation                        ☐ Neutral Evaluation

☐ Arbitration (non-binding)        ☐ Settlement Conference

☐ Arbitration (binding)            ☐ Other ADR Process (describe): _____

| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|---|
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Number of additional pages attached to this document: _____

LAADR 001 (Rev. 04-12)
LASC Approved 10-04
For Optional Use

**STIPULATION TO PARTICIPATE IN**
**ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 1 of 1

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                     FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                              (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

  It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| COURTHOUSE ADDRESS: | |
|---|---|
| PLAINTIFF: | |
| DEFENDANT: | |

| INFORMAL DISCOVERY CONFERENCE (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

# EXHIBIT B

1 | JOSHUA B. WAGNER (SBN: 162092)
2 | LISA·K. GARNER (SBN: 155554)
  | MARITA M. LAUINGER (SBN: 199242)
3 | GORDON & REES LLP
  | 633 West Fifth Street, 52nd Floor
4 | Los Angeles, CA 90071
  | Telephone: (213) 576-5000
5 | Facsimile: (213) 680-4470

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JAN 15 2013

John A. Clarke, Executive Officer/Clerk
BY _____ Deputy
Ishavlia Chambers

6 | Attorneys for Defendant
  | BURLINGTON COAT FACTORY OF
  | CALIFORNIA LLC

7 |

·8 | SUPERIOR COURT OF CALIFORNIA

9 | COUNTY OF LOS ANGELES

10 |

CONFORMED COPY

11 | ARMIDA RODRIGUEZ,                            ) CASE NO. BC493738
                                                )
12 |                       Plaintiff,            ) *Assigned to the Honorable Mary H. Strobel*
                                                ) *Dept. 32*
13 |          vs.                                )
                                                ) Complaint filed: October 11, 2012
14 | BURLINGTON COAT FACTORY                     )
    | WAREHOUSE CORPORATION, a New Jersey) **DEFENDANT BURLINGTON COAT**
15 | Corporation; BURLINGTON COAT               ) **FACTORY OF CALIFORNIA LLC'S**
    | FACTORY, an unknown business entity;      )·**ANSWER TO PLAINTIFF'S**
16 | BURLINGTON COAT FACTORY OF                 ) **UNVERIFIED COMPLAINT**
    | CALIFORNIA LLC, a California Limited       )
17 | Liability Company; BURLINGTON COAT         )
    | FACTORY WAREHOUSE OF CA, an               )
18 | unknown business entity, and DOES 1 through)
    | 50, inclusive,                             )
19 |                                             )
                                                )
20 |                       Defendants.           )
                                                )

21 |          Defendant BURLINGTON COAT FACTORY OF CALIFORNIA LLC ("Defendant"),

22 | for itself alone, and for no other Defendants, answers Plaintiff's Unverified Complaint

23 | (hereinafter "Complaint"), as follows:

24 | **GENERAL DENIAL**

25 |          Answering each and every allegation of Plaintiff's unverified Complaint pursuant to

26 | California Code of Civil Procedure section 431.30(d), this answering Defendant denies

27 | specifically and generally each and every allegation contained therein, and further denies that

28 | Plaintiff or the putative class has suffered any injuries or damages of any kind attributable in any

-1-

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1  way to an act or omission of Defendant.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses, the applicability of which will be determined through the course of investigation and discovery.  These affirmative defenses, except where otherwise indicated, are being asserted as to each and every allegation in Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.   As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.   As a separate and distinct affirmative defense, Defendant alleges that the claims of Plaintiff and/or the putative class are barred by the applicable statutes of limitation including, but not limited to, California Code of Civil Procedure sections 337, 338, 339, 340 and 343; California Labor Code section 1197.5; California Business and Professions Code section 17208; and any other applicable statutes of limitation.

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

3.   As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint, and each purported cause of action alleged therein against Defendant, is barred by the doctrine of unclean hands.

///
///
///
///

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

4.     As a separate and distinct affirmative defense, Defendant alleges that by their conduct, Plaintiff and/or the putative class has waived any right to recover any relief pursuant to the Complaint, or any purported cause of action alleged therein.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

5.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and/or the putative class is estopped by their conduct from recovering any relief pursuant to the Complaint, or any purported cause of action alleged therein.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

6.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and/or the putative class is guilty of undue delay in filing and prosecuting this suit, and accordingly, this action is barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Damages/Failure to Mitigate)

7.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and/or the putative class has suffered no damages as a result of any alleged act or omission of Defendant, and even if Plaintiff had suffered damages or injuries, all or some portion of said damages or injuries were caused or attributable to the failure of the Plaintiff and/or the putative class to take reasonable action to mitigate said damages or injuries, if any.

## EIGHTH AFFIRMATIVE DEFENSE

### (Good Faith Dispute)

8.     As a separate and distinct affirmative defense, Defendant alleges that without conceding that there are any wages and/or monies due, there exists a good faith dispute regarding the payment of wages and/or monies.  Therefore, penalties are not warranted.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Internal and Administrative Remedies)

9.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint and any purported cause of action alleged therein is barred by failure of the Plaintiff and/or the putative class to exhaust administrative and internal remedies available under state and federal laws, including, without limitation, the California Labor Code, and Defendant's internal policies and procedures.

## TENTH AFFIRMATIVE DEFENSE

### (Payment and Release)

10.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and/or the putative class were paid in full and therefore Defendant is released from any and all continuing obligations to them.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

11.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and/or the putative class has an adequate remedy at law. Therefore, injunctive, equitable, and/or declaratory relief is inappropriate.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Standing)

12.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and/or the putative class has no standing to bring some or all of the claims which are therefore barred.  Plaintiff also has no standing to serve as an adequate class representative.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Defendant Acted in Good Faith)

13.     As a separate and distinct affirmative defense, Defendant alleges that Defendant's compensation of Plaintiff and/or the putative class has been pursuant to a good faith belief that its pay practices are in conformity with both federal and state wage laws.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Not Willful or Intentional)

14.     As a separate and distinct affirmative defense, Defendant alleges that the conduct and/or violation of law alleged against Defendant is not sufficient to be "willful" or "intentional."

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Off-set)

15.     As a separate and distinct affirmative defense, Defendant is informed and believe and thereon allege that the Complaint is barred as against Defendant as the amounts claimed are overstated or are subject to offset.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Claims Not Representative of Class)

16.     As a separate and distinct affirmative defense, Defendant alleges that the claims of the named Plaintiff are not representative of the claims of the members of the putative class, and therefore this action is not properly maintained as a class action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Class Representative is Adverse to the Class)

17.     As a separate and distinct affirmative defense, Defendant alleges that the claims of the named Plaintiff are adverse to the interests and desires of the members of the putative class and therefore this action is not properly maintained as a class action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Common Questions of Law or Fact)

18.     As a separate and distinct affirmative defense, Defendant alleges that there are not questions of law or fact common to the putative class; rather, individualized questions of law and fact predominate over any semblance of common question.  In addition, the proof particular to each of putative class member's claims and the defenses thereto will vary widely.  Therefore, Plaintiff cannot meet the prerequisites for a class action set forth in section 382 of the California Code of Civil Procedure.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Claims Not Typical of Class)

19.     As a separate and distinct affirmative defense, Defendant alleges that the claims and interests of Plaintiff, and Defendant's defenses thereto, are not typical of the putative claims or related defenses of the putative class as a whole, and Plaintiff is not a suitable class representative.   Therefore, Plaintiff cannot satisfy the prerequisites for a class action set forth in section 382 of the California Code of Civil Procedure.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Class Action Not Practical)

20.     As a separate and distinct affirmative defense, Defendant alleges that this case is not properly maintained as a class action because the prosecution of separate actions by individual members of the putative class would not create a risk of inconsistent or varying adjudications or adjudications that, as a practical matter, would be dispositive of the interests of other members not parties to the action.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Class Action Not Proper)

21.     As a separate and distinct affirmative defense, Defendant alleges that this action is not properly maintained as a class action because concentrating the litigation of the Plaintiff's claims, as to which individualized facts and proof will predominate, in one particular forum is not desirable.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Class Not Manageable)

22.     As a separate and distinct affirmative defense, Defendant alleges that this case is not properly maintained as a class action because of the difficulties likely to be encountered in the management of a class action.

///

///

///

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Compliance with Law)

23.     As a separate and distinct affirmative defense, Defendant alleges that any recovery on Plaintiff's Complaint, or any cause of action contained therein, may be barred by Defendant's compliance or substantial compliance with all applicable laws underlying claims of Plaintiff and/or the putative class as to any alleged unfair or unlawful business practices pursuant to California Business & Professions Code section 17200.  Defendant's business practices were not unfair or unlawful within the meaning of California Business & Professions Code section 17200.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Reasonable Wages/Quantum Meruit)

24.     As a separate and distinct affirmative defense, Defendant alleges that the actual payments paid to Plaintiff and/or the putative class, which are the subject of this action, were reasonable, appropriate, and commensurate with the services and work actually performed.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Reasonable Interpretation of Applicable Law)

25.     As a separate and distinct affirmative defense, Defendant alleges that it acted in good faith reliance upon the reasonable interpretation of applicable law.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Managerial Discretion)

26.     As a separate and distinct affirmative defense, Defendant alleges that any and all decisions made and actions taken by and/or on behalf of Defendant were made and taken in the exercise of proper managerial discretion and in good faith.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Business Judgment Rule)

27.     As a separate and distinct affirmative defense, Defendant alleges that any recovery on Plaintiff's Complaint, or any cause of action contained therein, may be barred by the

-7-

1    Business Judgment Rule applicable to claims of unlawful business practices under California

2    Business & Professions Code section 17200.

3    ## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

4    ### (Consent)

5        28.    As a separate and distinct affirmative defense, Defendant alleges that the relief

6    prayed for in the Complaint is barred because Plaintiff and/or the putative class consented to

7    Defendant's conduct by virtue of their own conduct.

8    ## TWENTY-NINTH AFFIRMATIVE DEFENSE

9    ### (Facial Due Process)

10       29.    As a separate and distinct affirmative defense, Defendant alleges that Labor Code

11   section 2699 fails to identify the manner in which penalties for violations of Labor Code section

12   2808 accrue and thus, is facially ambiguous and violates due process notions pursuant to the

13   United States Constitution.

14   ## THIRTIETH AFFIRMATIVE DEFENSE

15   ### (As Applied Due Process)

16       30.    As a separate and distinct affirmative defense, Defendant alleges that, as applied

17   to this case, Labor Code section 2699 fails to provide adequate due process protections inasmuch

18   as it creates strict liability for the penalties incurred due the omissions of Plaintiff and/or the

19   putative class.

20   ## THIRTY-FIRST AFFIRMATIVE DEFENSE

21   ### (Excessive Fines)

22       31.    As a separate and distinct affirmative defense, Defendant alleges that the penalties

23   and fines sought pursuant to Labor Code section 2699 are unconstitutional and excessive under

24   the United States Constitution, and specifically under the Excessive Fines Clause of the Eighth

25   Amendment, U.S. Const. Amend. VIII, and the Due Process Clause of the Fourteenth

26   Amendment, U.S. Const. Amend. XIV, Section 1.

27   ///

28   ///

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Make Demand for Wages Due)

32.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and/or the putative class did not make a prompt and timely demand for wages due pursuant to California Labor Code section 216(a) and are therefore barred from recovering any alleged unpaid wages, penalties, or other remuneration from Defendant pursuant to such code section.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Acts of Others)

33.     As a separate and distinct affirmative defense, Defendant alleges that any injuries or damages alleged by Plaintiff and/or the putative class, if any, were caused, in whole or in part, by acts or omissions of others, for whose conduct Defendant is not responsible.

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.      That Plaintiff take nothing by the Complaint on file herein, and that the Complaint be dismissed with prejudice;

2.      That judgment be entered in favor of Defendant;

3.      For costs of suit incurred herein, including reasonable attorneys' fees where available; and

4.      For such other and further relief as the Court may deem just and proper.

Dated: January 15, 2013

GORDON & REES LLP

By: _____
Joshua B. Wagner
Lisa K. Garner
Marita M. Lauinger
Attorneys for Defendant
BURLINGTON COAT FACTORY OF
CALIFORNIA LLC

CF/1084910/14473500v.1

-9-

<u>PROOF OF SERVICE</u>

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP 633 West Fifth Street, 52nd Floor, Los Angeles, CA 90071.

On January 15, 2013, I served the within documents: DEFENDANT BURLINGTON COAT FACTORY OF CALIFORNIA LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

☐ BY FACSIMILE. By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ BY PERSONAL SERVICE. By causing such document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

☑ BY U.S. MAIL. By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Los Angeles, addressed as set forth below.

☐ BY OVERNIGHT SERVICE. By placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FedEx as part of the ordinary business practices of Gordon & Rees LLP described below, addressed as follows:

☐ BY ELECTRONIC. By transmitting via ELECTRONIC MAIL the document(s) listed above to the electronic mail (e-mail) address as follows.:

FARZAD RASTEGAR
RASTEGAR LAW GROUP, APC
1010 Crenshaw Boulevard, Suite 100
Torrance, CA 90501
Telephone:     (310) 961-9600
Facsimile:      (310) 961-9094
Attorneys for Plaintiff Armida Rodriguez

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 15, 2013, at Los Angeles, California.

_____
Betty Jue

BCF/1084910/14503293v.1

1  FARZAD RASTEGAR, State Bar No. 155555
2  WENDY SHA, State Bar No. 240364
   RASTEGAR LAW GROUP, APC
3  1010 Crenshaw Boulevard, Suite 100
   Torrance, California 90501
4  Tel.: (310) 961-9600
5  Fax: (310) 961-9094

6  Attorneys for Plaintiff
7  Armida Rodriguez

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF LOS ANGELES,

10        CENTRAL JUDICIAL DISTRICT – CENTRAL CIVIL WEST

11

12  ARMIDA RODRIGUEZ, an individual,      )   CASE NO. BC493738
                                          )
13                 Plaintiff,             )   **NOTICE OF INITIAL STATUS
                                          )   CONFERENCE, COURT ORDER
14       vs.                              )   REGARDING NEWLY FILED CLASS
                                          )   ACTION AND CLASS ACTION
15                                        )   INITIAL STATUS CONFERENCE
                                          )   ORDER**
16  BURLINGTON COAT FACTORY               )
    WAREHOUSE CORPORATION, a New          )
17  Jersey Corporation; BURLINGTON        )   Date:  April 12, 2013
    COAT FACTORY, an unknown business     )   Time:  8:30 AM
18  entity; BURLINGTON COAT FACTORY       )   Dept.:  311
19  OF CALIFORNIA LLC, a California       )
    Limited Liability Company;            )
20  BURLINGTON COAT FACTORY               )
21  WAREHOUSE OF CA, an unknown           )
    business entity, and DOES 1 through 50,)
22  inclusive,                            )
                                          )
23                 Defendants.            )
                                          )
24                                        )

25

26

27

28

                                  1    NOTICE OF NOTICE OF INITIAL STATUS
                                       CONFERENCE AND ORDERS

1     **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2     **PLEASE TAKE NOTICE** that the Court in the above-entitled case has set an

3 Initial Status Conference for April 12, 2013 at 8:30 AM in Department 311of the above-

4 entitled Court, located at 600 South Commonwealth Avenue, Los Angeles, California

5 90005.

6     **PLEASE ALSO TAKE FURTHER NOTICE** that the Court has issued two

7 orders in this matter, namely, the Court Order Regarding Newly Filed Class Action and

8 Class Action Initial Status Conference Order. The aforementioned orders are attached

9 hereto as **Exhibit A.**

Dated: March 12, 2013

10

11                                       RASTEGAR LAW GROUP, APC

12                                        By: _____

13                                              Farzad Rastegar

14                                              Wendy Sha

15                                              Attorneys for Plaintiff

16                                              Armida Rodriguez

17

18

19

20

21

22

23

24

25

26

27

28                       2     NOTICE OF NOTICE OF INITIAL STATUS
                                                           CONFERENCE AND ORDERS

# EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 03/07/13 | DEPT. 311 |
| HONORABLE JOHN SHEPARD WILEY JR   JUDGE | M. MATA   DEPUTY CLERK |
| HONORABLE #6 | ELECTRONIC RECORDING MONITOR |
| T. BIVINS, CA   Deputy Sheriff | NONE   Reporter |

| | | |
|---|---|---|
| 8:30 am | BC493738 | Plaintiff Counsel |
| | ARMIDA RODRIGUEZ VS BURLINGTON COAT FACTORY WAREHOU CORP ET AL | NO APPEARANCES |
| | | Defendant Counsel |
| | COMPLEX 3-5-13 | |

**NATURE OF PROCEEDINGS:**

COURT ORDER REGARDING NEWLY FILED CLASS ACTION

By this order, the Court stays the case, except
for service of the Summons and Complaint. The stay
continues at least until the Initial Status
Conference. Initial Status Conference is set for
APRIL 12, 2013 at 8:30 a.m. in this department.
At least 10 days prior to the Initial Status
Conference, counsel for all parties must discuss
the issues set forth in the Initial Status Conference
Order issued this date. The Initial Status Conference
Order is to help the Court and the parties manage this
complex case by developing an orderly schedule for
briefing, discovery, and court hearings. The parties
are informally encouraged to exchange documents and
information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further
Order of the Court. Parties must file a Notice of
Appearance in lieu of an Answer or other responsive
pleading. The filing of a Notice of Appearance shall
not constitute a waiver of any substantive or
procedural challenge to the Complaint. Nothing in this
order stays the time for filing an Affidavit of
Prejudice pursuant to Code of Civil Procedure Section
170.6.

According to Government Code Section 70616
subdivisions (a) and (b), each party shall pay a fee

Page   1 of   3   DEPT. 311

MINUTES ENTERED
03/07/13
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 03/07/13 | | DEPT. 311 |
|---|---|---|
| HONORABLE JOHN SHEPARD WILEY JR | JUDGE | M. MATA | DEPUTY CLERK |
| HONORABLE #6 | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| T. BIVINS, CA | Deputy Sheriff | NONE | Reporter |

| 8:30 am | BC493738 | Plaintiff Counsel | |
|---|---|---|---|
| | ARMIDA RODRIGUEZ | | NO APPEARANCES |
| | VS | Defendant Counsel | |
| | BURLINGTON COAT FACTORY WAREHOU CORP ET AL | | |
| | COMPLEX 3-5-13 | | |

**NATURE OF PROCEEDINGS:**

of $1,000.00 to the Los Angeles Superior Court within
10 calendar days from this date.

The plaintiff must serve a copy of this minute order
on all parties forthwith and file a Proof of Service
in this department within seven days of service.

CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served the minute order dated 3/7/13 and CLASS
ACTION INITIAL STATUS CONFERENCE ORDER fild 3/7/13
upon each party or counsel named below by placing
the document for collection and mailing so as to
cause it to be deposited in the United States mail
at the courthouse in Los Angeles,
California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.

Dated: March 7, 2013

John A. Clarke, Executive Officer/Clerk

Page    2 of    3    DEPT. 311

MINUTES ENTERED
03/07/13
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 03/07/13 | | DEPT. 311 |
| HONORABLE JOHN SHEPARD WILEY JR   JUDGE | M. MATA | DEPUTY CLERK |
| HONORABLE   JUDGE PRO TEM<br>#6 | | ELECTRONIC RECORDING MONITOR |
| #6   T. BIVINS, CA   Deputy Sheriff | NONE | Reporter |

8:30 am  BC493738

                                      Plaintiff
                                        Counsel

ARMIDA RODRIGUEZ               NO APPEARANCES
VS
BURLINGTON COAT FACTORY WAREHOU  Defendant
 CORP ET AL                    Counsel

COMPLEX 3-5-13

NATURE OF PROCEEDINGS:

By: _____
        MARIBEL MATA, CLERK

RASTEGAR LAW GROUP
Farzad Rastegar
1010 Crenshaw Boulevard, Suite 100
Torrance, CA 90501

Page   3 of   3   DEPT. 311

MINUTES ENTERED
03/07/13
COUNTY CLERK

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

FARZAD RASTEGAR (State Bar #155555)
RASTEGAR LAW GROUP, APC
1010 Crenshaw Boulevard, Suite 100
Torrance, CA 90501
TELEPHONE NO.: (310) 961-9600    FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* ARMIDA RODRIGUEZ

**FILED**
LOS ANGELES SUPERIOR COURT

JAN 2 2 2013

JOHN A. CLARKE, CLERK

BY MARY FLORES, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

PLAINTIFF/PETITIONER: ARMIDA RODRIGUEZ

DEFENDANT/RESPONDENT: BURLINGTON COAT FACTORY WAREHOUSE CORPORATION; BURLINGTON COAT FACTORY; BURLINGTON COAT

| | CASE NUMBER: |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | BC493738 |
| | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [X] other *(specify documents):* Notice of Case Assignment; Notice of Case Management Conference; and Voluntary Efficient Litigation Stipulations Package

3. a. Party served *(specify name of party as shown on documents served):* Burlington Coat Factory Warehouse of CA

   b. Person served:   [X] party in item 3a   [ ] other *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: 1830 Route 130, Burlington, NJ 08016

5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*   (2) at *(time):*
   b. [ ] **by substituted service.** On *(date):*   at *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*   from *(city):*   or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. July 1, 2004]

**PROOF OF SERVICE OF SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: ARMIDA RODRIGUEZ | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: BURLINGTON COAT FACTORY WAREHOUSE CORP | BC493738 |

c. [X] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on (date): November 16, 2012    (2) from (city): Torrance

    (3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) *(Code Civ. Proc., § 415.30.)*

    (4) [X] to an address outside California with return receipt requested. *(Code Civ. Proc., § 415.40.)*

d. [ ] **by other means** *(specify means of service and authorizing code section):*

    [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

    a. [ ] as an individual defendant.

    b. [ ] as the person sued under the fictitious name of *(specify):*

    c. [ ] as occupant.

    d. [X] On behalf of *(specify):*

        under the following Code of Civil Procedure section:

        [ ] 416.10 (corporation)      [X] 415.95 (business organization, form unknown)

        [ ] 416.20 (defunct corporation)    [ ] 416.60 (minor)

        [ ] 416.30 (joint stock company/association)  [ ] 416.70 (ward or conservatee)

        [ ] 416.40 (association or partnership)    [ ] 416.90 (authorized person)

        [ ] 416.50 (public entity)         [ ] 415.46 (occupant)

                                     [ ] other:

7. **Person who served papers**

    a. Name: Chissel Rodriguez

    b. Address: 1010 Crenshaw Boulevard, Suite 100, Torrance, CA 90501

    c. Telephone number: (310)961-9600

    d. The fee for service was: $ 7.20

    e. I am:

        (1) [X] not a registered California process server.

        (2) [ ] exempt from registration under Business and Professions Code section 22350(b).

        (3) [ ] registered California process server:

            (i) [ ] owner    [ ] employee    [ ] independent contractor.

            (ii)  Registration No.:

            (iii)  County:

8. [X] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. [ ] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: January 21, 2013

Chissel Rodriguez
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

                                                    (SIGNATURE)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Audrey Bird_
☐ Agent
☐ Addressee

B. Received by ( Printed Name )
_Audrey Bird_

C. Date of Delivery
11-20

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

Burlington Coat Factory
Warehouse of CA.
1830 Rte 80 N
Burlington, NJ 08016

3. Service Type
☐ Certified Mail      ☐ Express Mail
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7012 1640 0000 4212 0428

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

FARZAD RASTEGAR (State Bar #155555)
RASTEGAR LAW GROUP, APC
1010 Crenshaw Boulevard, Suite 100

Torrance, CA 90501
TELEPHONE NO.: (310) 961-9600   FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): ARMIDA RODRIGUEZ

**FILED**
LOS ANGELES SUPERIOR COURT

JAN 2 2 2013

JOHN A. CLARKE, CLERK

BY MARY FLORES, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

PLAINTIFF/PETITIONER: ARMIDA RODRIGUEZ

DEFENDANT/RESPONDENT: BURLINGTON COAT FACTORY WAREHOUSE
CORPORATION; BURLINGTON COAT FACTORY; BURLINGTON COAT

| | CASE NUMBER: |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | BC493738 |
| | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [X] other *(specify documents):* Notice of Case Assignment; Notice of Case Management Conference; and Voluntary Efficient Litigation Stipulations Pack

3. a. Party served *(specify name of party as shown on documents served):* Burlington Coat Factory Warehouse Corporation

   b. Person served: [X] party in item 3a [ ] other *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: 1830 Route 130, Burlington, NJ 08016

5. I served the party *(check proper box)*
   a. [ ] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* (2) at *(time):*
   b. [ ] by substituted service. On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) [ ] (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* from *(city):* or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. July 1, 2004]

**PROOF OF SERVICE OF SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: ARMIDA RODRIGUEZ | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: BURLINGTON COAT FACTORY WAREHOUSE CORP | BC493738 |

c. [X] by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* November 16, 2013    (2) from *(city):* Torrance

    (3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) [X] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. [ ] by other means *(specify means of service and authorizing code section):*

    [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. [ ] as an individual defendant.

  b. [ ] as the person sued under the fictitious name of *(specify):*

  c. [ ] as occupant.

  d. [X] On behalf of *(specify):*

    under the following Code of Civil Procedure section:

| | |
|---|---|
| [X] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| | [ ] other: |

7. Person who served papers

  a. Name: Chissel Rodriguez

  b. Address: 1010 Crenshaw Boulevard, Suite 100, Torrance, CA 90501

  c. Telephone number: (310)961-9600

  d. The fee for service was: $

  e. I am:

    (1) [X] not a registered California process server.

    (2) [ ] exempt from registration under Business and Professions Code section 22350(b).

    (3) [ ] registered California process server:

      (i) [ ] owner  [ ] employee.  [ ] independent contractor.

      (ii) Registration No.:

      (iii) County:

8. [X] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. [ ] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: January 21, 2013

Chissel Rodriguez
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

                            (SIGNATURE)

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

BURLINGTON COAT FACTORY
WAREHOUSE CORPORATION
1830 RTE 130 N
Burlington, NJ 08016

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Audrey Bird_      ☐ Agent   ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery
Audrey Bird      11-20

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered      ☒ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7002 1640 0000 6212 0442

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>FARZAD RASTEGAR (State Bar #155555)<br>RASTEGAR LAW GROUP, APC<br>1010 Crenshaw Boulevard, Suite 100<br>Torrance, CA 90501<br>TELEPHONE NO.: (310) 961-9600  FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* ARMIDA RODRIGUEZ | FOR COURT USE ONLY<br><br>**FILED**<br>LOS ANGELES SUPERIOR COURT<br><br>JAN 22 2013<br><br>JOHN A. CLARKE, CLERK<br><br>BY MARY FLORES, DEPUTY |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
|---|
| STREET ADDRESS: 111 N. Hill Street<br>MAILING ADDRESS: 111 N. Hill Street<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: Central District |

| PLAINTIFF/PETITIONER: ARMIDA RODRIGUEZ | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: BURLINGTON COAT FACTORY WAREHOUSE CORPORATION; BURLINGTON COAT FACTORY; BURLINGTON COAT | BC493738 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [X] other *(specify documents):* Notice of Case Assignment; Notice of Case Management Conference; and Voluntary Efficient Litigation Stipulations Package

3. a. Party served *(specify name of party as shown on documents served):* Burlington Coat Factory

   b. Person served: [X] party in item 3a  [ ] other *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: 1830 Route 130, Burlington, NJ 08016

5. I served the party. *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party. (1) on *(date):*   (2) at *(time):*
   b. [ ] **by substituted service.** On *(date):*   at *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*   from *(city):*   or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS**

Legal<br>Solutions<br>Plus

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: ARMIDA RODRIGUEZ | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: BURLINGTON COAT FACTORY WAREHOUSE CORP | BC493738 |

c. [X] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on (date): November 16, 2012      (2) from (city): Torrance

   (3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

   (4) [X] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. [ ] **by other means** *(specify means of service and authorizing code section):*


   [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as occupant.
   d. [X] On behalf of *(specify):*
      under the following Code of Civil Procedure section:

| | |
|---|---|
| [ ] 416.10 (corporation) | [X] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| | [ ] other: |

7. **Person who served papers**
   a. Name: Chissel Rodriguez
   b. Address: 1010 Crenshaw Boulevard, Suite 100, Torrance, CA 90501
   c. Telephone number: (310) 961-9600
   d. The fee for service was: $ 7.20
   e. I am:
      (1) [X] not a registered California process server.
      (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
      (3) [ ] registered California process server:
         (i) [ ] owner [ ] employee [ ] independent contractor.
         (ii) Registration No.:
         (iii) County:

8. [X] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. [ ] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: January 21, 2013

Chissel Rodriguez
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____ (SIGNATURE)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

BURLINGTON COAT
FACTORY
1830 Rte 130 N
Burlington, NJ 08016

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Buddy Bar_   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
_Buddy Bar_   11-20

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)
   7012 0640 0000 4212 0435

PS Form 3811, February 2004   Domestic Return Receipt

COPY

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
JOSHUA B. WAGNER (SBN: 199570); LISA K. GARNER (SBN 155554) .
GORDON & REES LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
    TELEPHONE NO.: (213) 576-5000    FAX NO. *(Optional):* (213) 680-4470
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Defendant BURLINGTON COAT FACTORY OF CALIF., LLC

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JAN 23 2013

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
    Mary Flores

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
  STREET ADDRESS: 111 NORTH HILL STREET
  MAILING ADDRESS: same as above
  CITY AND ZIP CODE: LOS ANGELES, CA 90012
  BRANCH NAME: CENTRAL DISTRICT

PLAINTIFF/PETITIONER: ARMIDA A. RODRIGUEZ

DEFENDANT/RESPONDENT: BURLINGTON COAT FACTORY

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* ☒ UNLIMITED CASE    ☐ LIMITED CASE | BC493738 |

CASE MANAGEMENT STATEMENT

*(Check one):* ☒ UNLIMITED CASE     ☐ LIMITED CASE
         (Amount demanded        (Amount demanded is $25,000
         exceeds $25,000)         or less)

CASE NUMBER:
BC493738

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: February 7, 2013    Time: 8:30 a.m.    Dept.: 32    Div.:    Room:

Address of court *(if different from the address above):*

☐  Notice of Intent to Appear by Telephone, by *(name):*

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1.  **Party or parties** *(answer one):*
    a.  ☒  This statement is submitted by party *(name):* Defendant BURLINGTON COAT FACTORY OF CALIF., LLC
    b.  ☐  This statement is submitted jointly by parties *(names):*

2.  **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
    a.  The complaint was filed on *(date):* October 11, 2012
    b.  ☐  The cross-complaint, if any, was filed on *(date):*

3.  **Service** *(to be answered by plaintiffs and cross-complainants only)*
    a.  ☐  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
    b.  ☐  The following parties named in the complaint or cross-complaint
        (1)  ☐  have not been served *(specify names and explain why not):*

        (2)  ☐  have been served but have not appeared and have not been dismissed *(specify names):*

        (3)  ☐  have had a default entered against them *(specify names):*

    c.  ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4.  **Description of case**
    a.  Type of case in ☒ complaint  ☐ cross-complaint    *(Describe, including causes of action):*
        This is a putative wage and hour class action asserting claims arising out of the loss prevention policies and

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | CASE MANAGEMENT STATEMENT | Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkFlow.com

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: ARMIDA A. RODRIGUEZ,<br>DEFENDANT/RESPONDENT: BURLINGTON COAT FACTORY WAREHOUSE<br>CORPORATION, ET AL. | CASE NUMBER:<br>BC493738 |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiff asserts causes of action on behalf of herself and a putative class of non-exempt employees for: (1) Failure to Pay Minimum Wages; (2) Failure to Provide Accurate Itemized Wage Statements; (3) Waiting Time Penalties; and (4) Unlawful Business Practices.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request   ☒ a jury trial   ☐ a nonjury trial..   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.   ☐   The trial has been set for *(date):*
b.   ☒   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):* This is a class action that will not be ready for trial in 12 months.  The parties request a target class certification hearing date on year from the CMC with an extended briefing schedule oer stipulation.
c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
Lead counsel has trials starting 5/06/13; 5/07/13; 5/29/13; 6/10/13; 6/12/13; and 9/17/13

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☒   days *(specify number):* 12-15 days
b.   ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption   ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:                                          f.   Fax number:
e.   E-mail address:                                            g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10.   **Alternative dispute resolution (ADR)**
a.   ADR information package. Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)   For parties represented by counsel: Counsel ☒ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)   For self-represented parties: Party ☐ has   ☐. has not reviewed the ADR information package identified in rule 3.221.

b.   **Referral to judicial arbitration or civil action mediation** (if available).

(1)   ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)   ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)   ☒   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
Amount in controversy exceed $50,000

American LegalNet, Inc.
www.FormsWorkFlow.com

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: ARMIDA A. RODRIGUEZ<br>DEFENDANT/RESPONDENT: BURLINGTON COAT FACTORY WAREHOUSE<br>CORPORATION, ET AL. | CASE NUMBER:<br>BC493738 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing to** participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☒ | ☒ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)* :<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.FormsWorkFlow.com

CM-110

| PLAINTIFF/PETITIONER: ARMIDA A. RODRIGUEZ<br>DEFENDANT/RESPONDENT: BURLINGTON COAT FACTORY WAREHOUSE<br>CORPORATION, ET AL. | CASE NUMBER:<br>BC493738 |
| --- | --- |

**11. Insurance**
    a.  ☐  Insurance carrier, if any, for party filing this statement *(name):*
    b.  Reservation of rights:  ☐ Yes    ☐ No
    c.  ☐  Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
    Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
    ☐ Bankruptcy  ☐ Other *(specify):*
    Status:

**13. Related cases, consolidation, and coordination**
    a.  ☐  There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
        ☐  Additional cases are described in Attachment 13a.
    b.  ☐  A motion to  ☐ consolidate  ☐ coordinate  will be filed by *(name party):*

**14. Bifurcation**
    ☒  The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of
        action *(specify moving party, type of motion, and reasons):*
        Defendant reserves the right to file a motion to bifurcate the certification and merit phases of discovery.

**15. Other motions**
    ☒  The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
        Class certification motion pratice is anticipated about one year from the CMC.

**16. Discovery**
    a.  ☐  The party or parties have completed all discovery.
    b  ☒  The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
| --- | --- | --- |
| Defendant | Written Discovery | June 2013 |
| Defendant | Certification Depositions | December 2013 |
| Defendant | Merits Discovery | June 2014 |
| Defendant | Expert Discovery | September 2014 |

    c.  ☐  The following discovery issues, including issues regarding the discovery of electronically stored information, are
        anticipated *(specify):*

American LegalNet, Inc.<br>www.FormsWorkFlow.com

CM-110

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: ARMIDA A. RODRIGUEZ<br>DEFENDANT/RESPONDENT: BURLINGTON COAT FACTORY WAREHOUSE<br>CORPORATION, ET AL. | BC493738 |

**17. Economic litigation**

   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

   a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: January 23, 2013

JOSHUA B. WAGNER
_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

American LegalNet, Inc.<br>www.FormsWorkFlow.com

1 | PROOF OF SERVICE

2     I am a resident of the State of California, over the age of eighteen years, and not a party
3 to the within action.  My business address is: Gordon & Rees LLP 633 West Fifth Street, 52nd Floor, Los Angeles, CA 90071.

4     On January 23, 2013, I served the within documents:

5 **CASE MANAGEMENT STATEMENT**

6 ☐ **BY FACSIMILE.** By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

7 ☐ **BY PERSONAL SERVICE.** By causing such document(s) listed above to be personally
8 delivered to the person(s) at the address(es) set forth below.

9 ☑ **BY U.S. MAIL.** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Los
10 Angeles, addressed as set forth below.

11 ☐ **BY OVERNIGHT SERVICE.** By placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FedEx as part of the ordinary business practices
12 of Gordon & Rees LLP described below, addressed as follows:

13 ☐ **BY ELECTRONIC.** By transmitting via **ELECTRONIC MAIL** the document(s) listed above to the electronic mail (e-mail) address as follows.:

14 FARZAD RASTEGAR
15 RASTEGAR LAW GROUP, APC
1010 Crenshaw Boulevard, Suite 100
16 Torrance, CA 90501
Telephone:    (310) 961-9600
17 Facsimile:    (310) 961-9094
Attorneys for Plaintiff Armida Rodriguez

18     I am readily familiar with the firm's practice of collection and processing correspondence
19 for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on
20 motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

21     I declare under penalty of perjury under the laws of the State of California that the above
22 is true and correct.

23     Executed on January 23, 2013, at Los Angeles, California.

24

25

26 Frances Perez

27

28

BCF/1084910/14503293v.1

*Gordon & Rees LLP*
*633 West Fifth Street, Suite 4900*
*Los Angeles, CA 90071*

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| FARZAD RASTEGAR (State Bar #155555)<br>WENDY SHA (State Bar #240364)<br>RASTEGAR LAW GROUP, APC<br>1010 Crenshaw Boulevard, Suite 100<br>Torrance, CA 90501<br>TELEPHONE NO.: (310)961-9600   FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: ARMIDA RODRIGUEZ | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

PLAINTIFF/PETITIONER: ARMIDA RODRIGUEZ

DEFENDANT/RESPONDENT: BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* [X] UNLIMITED CASE [ ] LIMITED CASE<br>(Amount demanded (Amount demanded is $25,000<br>exceeds $25,000) or less) | BC493738 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: February 7, 2013    Time: 8:30 a.m.    Dept.: 32    Div.:    Room:

Address of court *(if different from the address above)*:

[ ] Notice of Intent to Appear by Telephone, by *(name)*:

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one)*:
   a. [X] This statement is submitted by party *(name)*: Plaintiff, Armida Rodriguez
   b. [ ] This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*: October 11, 2012
   b. [ ] The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [X] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not)*:
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) [ ] have had a default entered against them *(specify names)*:
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in [X] complaint [ ] cross-complaint    *(Describe, including causes of action)*:
      This is a wage and hour class action case. Plaintiff alleges that Defendants failed to pay minimum wages; failed to provide accurate statements and maintain required records; failed to pay all wages due to discharged or quitting employees; and engaged in unlawful business practices.

Page 1 of 5

CM-110

| PLAINTIFF/PETITIONER: ARMIDA RODRIGUEZ<br><br>DEFENDANT/RESPONDENT: BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, et al. | CASE NUMBER:<br>BC493738 |
|---|---|

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff alleges that Defendant required Plaintiff and the class to perform work "off-the-clock" during loss prevention inspections. Plaintiff and the class are entitled to recover all unpaid wages, attorneys' fees, costs, interest, and all applicable civil penalties pursuant to the California Labor Code and wage order.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request ☒ a jury trial ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a. ☐   The trial has been set for *(date):*
b. ☒   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):* This is a putative class action case.

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☒   days *(specify number):* 30 days
b. ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:                                              f.   Fax number:
e.   E-mail address:                                                g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1)   For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2)   For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
b.   **Referral to judicial arbitration or civil action mediation (if available).**
(1)   ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2)   ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3)   ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: ARMIDA RODRIGUEZ<br><br>DEFENDANT/RESPONDENT: BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, et al. | CASE NUMBER:<br>BC493738 |
|---|---|

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form are willing to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | [X] | [X] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for (date):<br>[ ] Agreed to complete mediation by (date):<br>[ ] Mediation completed on (date): |
| (2) Settlement conference | [X] | [X] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for (date):<br>[ ] Agreed to complete settlement conference by (date):<br>[ ] Settlement conference completed on (date): |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for (date):<br>[ ] Agreed to complete neutral evaluation by (date):<br>[ ] Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for (date):<br>[ ] Agreed to complete judicial arbitration by (date):<br>[ ] Judicial arbitration completed on (date): |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for (date):<br>[ ] Agreed to complete private arbitration by (date):<br>[ ] Private arbitration completed on (date): |
| (6) Other (specify): | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for (date):<br>[ ] Agreed to complete ADR session by (date):<br>[ ] ADR completed on (date): |

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: ARMIDA RODRIGUEZ | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, et al. | BC493738 |

**11. Insurance**
  a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
  b. Reservation of rights: ☐ Yes ☐ No
  c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
  Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
  ☐ Bankruptcy ☐ Other *(specify):*
  Status:

**13. Related cases, consolidation, and coordination**
  a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.
  b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
  ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
  ☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
      Plaintiff will file a motion for class certification.

**16. Discovery**
  a. ☐ The party or parties have completed all discovery.
  b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | August 2013 |
| Plaintiff | Deposition of Defendants | August 2013 |
| Plaintiff | Deposition of Witnesses | According to C.C.P. |

  c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CASE MANAGEMENT STATEMENT

CM-110

| PLAINTIFF/PETITIONER: ARMIDA RODRIGUEZ | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, et al. | BC493738 |

17. **Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

    ☒ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):* Set a Motion for Class Certification hearing date with a modified briefing schedule.

19. **Meet and confer**

    a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* —0—

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: January 28, 2013

Wendy Sha
_____
       (TYPE OR PRINT NAME)

▶ _____
      (SIGNATURE OF PARTY OR ATTORNEY)

_____
       (TYPE OR PRINT NAME)

▶ _____
      (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

PROOF OF SERVICE

STATE OF CALIFORNIA,        )
                           ) ss
COUNTY OF LOS ANGELES      )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years, not a party to the within action; my business address is 1010 Crenshaw Boulevard, Suite # 100, Torrance, California 90501

On January 28, 2013, I served the following document or documents:

**CASE MANAGEMENT STATEMENT**

[X] by placing a true copy thereof enclosed in sealed envelope(s) addressed as follows:

**SEE ATTACHED SERVICE LIST**

**[X] BY MAIL**

[X]  I caused such envelope(s) to be deposited in the mail at Torrance, California. The envelope(s) was/were mailed with postage thereon fully prepaid.

[X]  I am "readily familiar" with firm's practice of collection and processing correspondence for mailing.  It is deposited with U.S. postal service on that same day with postage thereon fully prepaid at Torrance, California in the ordinary course of business.  I am aware that on motion of party served, service is invalid if postal cancellation date or postage meter date is more than 1 day after the date of deposit for mailing in affidavit.

**[] BY PERSONAL SERVICE**

I delivered such envelope by hand to the offices of the addressee.

Executed January 28, 2013 at Torrance, California.

[X] (State)   I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[ ] (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Jessica T. Banales

1                                                      PROOF OF SERVICE

*Armida Rodriguez vs. Burlington Coat Factory, et al.*
Case No.: BC 493738
*SERVICE LIST*

Joshua B. Wagner, Esq.
Lisa K. Garner, Esq.
Marita M. Lauinger, Esq.
GORDON & REES, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

*Attorneys for Defendant*
*BURLINGTON COAT FACTORY OF*
*CALIFORNIA LLC*

Burlington Coat Factory Warehouse Corporation
c/o Legal Department
1830 Route 130
Burlington, NJ 08016

*BURLINGTON COAT FACTORY*
*WAREHOUSE CORPORATION, a New*
*Jersey Corporation; BURLINGTON COAT*
*FACTORY, an unknown business entity; and*
*BURLINGTON COAT FACTORY WAREHOUSE*
*OF CA, an unknown business entity*

2.   CASE MANAGEMENT STATEMENT

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

MAR 07 2013

John A. Clarke, Executive Officer/Clerk
By: M. Mata, Deputy

1

2

3

4

5

6

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF LOS ANGELES

10                        CENTRAL DISTRICT

11  AMANDA RODRIGUEZ, an individual,        Case No.:BC493738

12           Plaintiff,                      **CLASS ACTION**
                                             INITIAL STATUS CONFERENCE ORDER
13       vs.
                                             Case Assigned for All Purposes to
14  BURLINGTON COAT FACTORY                  Judge John Shepard Wiley Jr.
15  WAREHOUSE CORPORATION, a New
    Jersey Corporation; BURLINGTON COAT      Department: 311
16  FACTORY an unknown business entity;      Date:       April 12, 2013
    BURLINGTON COAT FACTORY OF               Time:       8:30 AM
17  CALIFORNIA LLC, a California Limited
18  Liability Company; BURLINGTON COAT
    FACTORY WAREHOUSE OF CA, an
19  unknown business entity, and DOES 1 through
20  50, inclusive,

21           Defendants,

22

23       This case has been assigned for all purposes to Judge John Shepard Wiley Jr. in the

24  Complex Litigation Program.  An Initial Status Conference is set for April 12, 2013 at 8:30 a.m. in

25  Department 311 located in the Central Civil West Courthouse at 600 South Commonwealth

26  Avenue, Los Angeles, California 90005.  Counsel for all parties are ordered to attend.

27       The court orders counsel to prepare for the Initial Status Conference by identifying and

28

INITIAL STATUS CONFERENCE ORDER

discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as possible, on a case management plan. To this end, counsel must file a Joint Initial Status Conference Class Action Response Statement five court days before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not the use the Judicial Council Form CM-110 (Case Management Statement).

1. **PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

2. **POTENTIAL ADDITIONAL PARTIES:** Does any plaintiff presently intend to add more class representatives? If so, and if known, by what date and by what name? Does any plaintiff presently intend to name more defendants? If so, and if known, by what date and by what name? Does any appearing defendant presently intend to file a cross-complaint? If so, who will be named.

3. **IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain.

4. **ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, please explain. No prejudice will attach to these responses.

5. **ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

6. **OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

-2-

7.  **POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:**  Please include a sample of any clause of this sort.  Opposing parties must summarize their views on this issue.

8.  **POTENTIAL EARLY CRUCIAL MOTIONS:**  Opposing counsel are to identify and describe the significant core issues in the case.  Counsel then is to identify efficient ways to resolve those issues.  The vehicles include:

- Motion to Compel Arbitration,
- Early motions in limine,
- Early motions about particular jury instructions and verdict forms,
- Demurrers,
- Motions to strike,
- Motions for judgment on the pleadings, and
- Motions for summary judgment and summary adjudication.

**NOTE: Effective 2012, by stipulation a party may move for summary adjudication of a legal issue or a claim for damages that does not completely dispose of a cause of action, an affirmative defense, or an issue of duty.**[1]  **Counsels are to analyze, discuss, and report on the relevance of this powerful new procedure.**

9.  **CLASS CONTACT INFORMATION:**  Does plaintiff need class contact information from the defendant's records?  If so, do the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561) to precede defense delivery of this information to plaintiff's counsel?  If the parties agree on the notice process, who should pay for it?  Should there be a third-party administrator?

---

[1] See Code Civ. Proc. § 437c, subd. (s)

-3-

**10. PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**11. DISCOVERY:** Please discuss discovery. Do the parties agree on a plan? If not, can the parties negotiate a compromise? At minimum, please summarize each side's views on discovery. The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits. The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) unless a persuasive showing establishes early need. If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose.[2]

**12. INSURANCE COVERAGE:** Please state (1) if there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues that might affect settlement.

**13. ALTERNATIVE DISPUTE RESOLUTION:** Please discuss ADR and state each party's position about it. If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**14. TIMELINE FOR CASE MANAGEMENT:** Please recommend dates and times for the following:

- ■ The next status conference,
- ■ A schedule for alternative dispute resolution, if it is relevant,

---

[2]See Code Civ. Proc. § 437c, subd. (s)

-4-

■ A filing deadline for the motion for class certification, and

■ Filing deadlines and descriptions for other anticipated non-discovery motions.

**15. ELECTRONIC SERVICE OF PAPERS:** For efficiency the complex program requires the parties in every new case to use a third-party cloud service, such as:

■ Case Anywhere (www.caseanywhere.com),

■ CaseHomePage (www.casehomepage.com), or

■ Lexis-Nexis File & Serve (www.lexisnexis.com/fileandserve).

Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement. If there is agreement, please identify the vendor. If parties cannot agree, the court will select the vendor at the Initial Status Conference. Electronic service is not the same as electronic filing. Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires court approval. . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[3] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

Pending further order of this Court, and except as otherwise provided in this Initial Status

---

[3] California Rule of Court, Rule 3.770(a)

INITIAL STATUS CONFERENCE ORDER

Conference Order, ***these proceedings are stayed in their entirety***.   This stay shall preclude the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court; however, any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list.  The filing of such a Notice of Appearance shall be without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action.  This stay is issued to assist the Court and the parties in managing this "complex" case through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in the orderly management of these cases.  This stay shall not preclude the parties from informally exchanging documents that may assist in their initial evaluation of the issues presented in this case, however shall stay all outstanding discovery requests.

Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on counsel for all parties, or if counsel has not been identified, on all parties, within five days of service of this order.  If any defendant has not been served in this action, service is to be completed within twenty days of the date of this order.

Dated: _____MAR 0 7 2013_____

JOHN SHEPARD WILEY JR.

_____
Judge of the Los Angeles Superior Court

-6-

INITIAL STATUS CONFERENCE ORDER

PROOF OF SERVICE

STATE OF CALIFORNIA,      )
                                      ) ss
COUNTY OF LOS ANGELES   )

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years, not a party to the within action; my business address is 1010 Crenshaw Boulevard, Suite # 100, Torrance, California 90501

     On March 12, 2013, I served the following document or documents:

**NOTICE OF INITIAL STATUS CONFERENCE, COURT ORDER REGARDING NEWLY FILED CLASS ACTION AND CLASS ACTION INITIAL STATUS CONFERENCE ORDER**

[X] by placing a true copy thereof enclosed in sealed envelope(s) addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X] **BY MAIL**

[X]  I caused such envelope(s) to be deposited in the mail at Torrance, California. The envelope(s) was/were mailed with postage thereon fully prepaid.

[X]  I am "readily familiar" with firm's practice of collection and processing correspondence for mailing.  It is deposited with U.S. postal service on that same day with postage thereon fully prepaid at Torrance, California in the ordinary course of business.  I am aware that on motion of party served, service is invalid if postal cancellation date or postage meter date is more than 1 day after the date of deposit for mailing in affidavit.

[] **BY PERSONAL SERVICE**

I delivered such envelope by hand to the offices of the addressee.

     Executed March 12, 2013at Torrance, California.

[X] (State)    I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[ ] (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

                                                          _____
                                              Melissa Hunter

1

1

*Armida Rodriguez vs. Burlington Coat Factory, et al.*
*Case No.: BC 493738*
*SERVICE LIST*

2

3

4

Joshua B. Wagner, Esq.

5   Lisa K. Garner, Esq.
Marita M. Lauinger, Esq.

6   GORDON & REES, LLP
633 West Fifth Street, 52nd Floor

7   Los Angeles, CA 90071

8   *Attorneys for Defendant*
*BURLINGTON COAT FACTORY OF*

9   *CALIFORNIA LLC*

10

Burlington Coat Factory Warehouse Corporation

11   c/o Legal Department
1830 Route 130

12   Burlington, NJ 08016

13   *BURLINGTON COAT FACTORY*
*WAREHOUSE CORPORATION, a New*

14   *Jersey Corporation; BURLINGTON COAT*
*FACTORY, an unknown business entity; and*

15   *BURLINGTON COAT FACTORY WAREHOUSE*
*OF CA, an unknown business entity*

16

17

18

19

20

21

22

23

24

25

26

27

28

2.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 03/07/13 | DEPT. 311 |
| HONORABLE JOHN SHEPARD WILEY JR        JUDGE | M. MATA          DEPUTY CLERK |
| HONORABLE                      JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| #6          T. BIVINS, CA     Deputy Sheriff | NONE                Reporter |

| | | |
|---|---|---|
| 8:30 am | BC493738 | Plaintiff Counsel |
| | ARMIDA RODRIGUEZ | NO APPEARANCES |
| | VS | Defendant Counsel |
| | BURLINGTON COAT FACTORY WAREHOU CORP ET AL | |
| | COMPLEX 3-5-13 | |

NATURE OF PROCEEDINGS:

COURT ORDER REGARDING NEWLY FILED CLASS ACTION

By this order, the Court stays the case, except
for service of the Summons and Complaint. The stay
continues at least until the Initial Status
Conference. Initial Status Conference is set for
APRIL 12, 2013 at 8:30 a.m. in this department.
At least 10 days prior to the Initial Status
Conference, counsel for all parties must discuss
the issues set forth in the Initial Status Conference
Order issued this date. The Initial Status Conference
Order is to help the Court and the parties manage this
complex case by developing an orderly schedule for
briefing, discovery, and court hearings. The parties
are informally encouraged to exchange documents and
information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further
Order of the Court. Parties must file a Notice of
Appearance in lieu of an Answer or other responsive
pleading. The filing of a Notice of Appearance shall
not constitute a waiver of any substantive or
procedural challenge to the Complaint. Nothing in this
order stays the time for filing an Affidavit of
Prejudice pursuant to Code of Civil Procedure Section
170.6.

According to Government Code Section 70616
subdivisions (a) and (b), each party shall pay a fee

Page    1 of    3    DEPT. 311

MINUTES ENTERED
03/07/13
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 03/07/13 | | DEPT. 311 |
| HONORABLE JOHN SHEPARD WILEY JR   JUDGE | M. MATA | DEPUTY CLERK |
| HONORABLE #6 | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| T. BIVINS, CA   Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | BC493738 | Plaintiff Counsel | NO APPEARANCES |
| | ARMIDA RODRIGUEZ VS BURLINGTON COAT FACTORY WAREHOU CORP ET AL | Defendant Counsel | |
| | COMPLEX 3-5-13 | | |

**NATURE OF PROCEEDINGS:**

of $1,000.00 to the Los Angeles Superior Court within 10 calendar days from this date.

The plaintiff must serve a copy of this minute order on all parties forthwith and file a Proof of Service in this department within seven days of service.

### CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the minute order dated 3/7/13 and CLASS ACTION INITIAL STATUS CONFERENCE ORDER fild 3/7/13 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Dated: March 7, 2013

John A. Clarke, Executive Officer/Clerk

Page   2 of   3   DEPT. 311

MINUTES ENTERED
03/07/13
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 03/07/13                                                    DEPT. 311

HONORABLE JOHN SHEPARD WILEY JR        JUDGE   M. MATA          DEPUTY CLERK

HONORABLE                        JUDGE PRO TEM          ELECTRONIC RECORDING MONITOR
#6
          T. BIVINS, CA           Deputy Sheriff  NONE              Reporter

| 8:30 am | BC493738 | Plaintiff Counsel | NO APPEARANCES |
| | ARMIDA RODRIGUEZ | | |
| | VS | Defendant | |
| | BURLINGTON COAT FACTORY WAREHOU | Counsel | |
| | CORP ET AL | | |
| | COMPLEX 3-5-13 | | |

NATURE OF PROCEEDINGS:

By: _____
              MARIBEL MATA, CLERK


RASTEGAR LAW GROUP
Farzad Rastegar
1010 Crenshaw Boulevard, Suite 100
Torrance, CA 90501


              Page   3 of   3   DEPT. 311

┌─────────────────────┐
│ MINUTES ENTERED     │
│ 03/07/13            │
│ COUNTY CLERK        │
└─────────────────────┘

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

## CV13- 2426 DDP (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[✓] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
ARMIDA RODRIGUEZ

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
BURLINGTON COAT FACTORY WAREHOUSE CORPORATION AND BURLINGTON COAT FACTORY OF CALIFORNIA LLC

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Farzad Rastegar (SBN: 155555)
Rastegar Law Group, APC
1010 Crenshaw Boulevard, Suite 100
Torrance, CA 90501
Tel: (310) 961-9600; Fax: (310) 961-9094

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Joshua B. Wagner (SBN: 162092), Lisa K. Garner (SBN: 155554)
Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Tel: (213) 576-5000; Fax: (213) 680-4470

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☐ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No ☒ **MONEY DEMANDED IN COMPLAINT: $** unstated

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
§ 28 U.S.C., § 1453 and 28 U.S.C. § 1332

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **TORTS** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | **PERSONAL PROPERTY** | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | **BANKRUPTCY** | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 440 Other Civil Rights | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 441 Voting | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 442 Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 445 American with Disabilities-Employment | ☒ 790 Other Labor Litigation | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 791 Employee Ret. Inc. Security Act | |
| | | | ☐ 448 Education | | |

**FOR OFFICE USE ONLY: Case Number:** CV13-02426

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)  CIVIL COVER SHEET  Page 1 of 2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Burlington, New Jersey |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** Lisa K. Garner          DATE: April 5, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

American LegalNet, Inc.
www.FormsWorkFlow.com