UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMIDA RODRIGUEZ,<br><br>                    Plaintiff,<br><br>     vs.<br><br>BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, a New Jersey Corporation; BURLINGTON COAT FACTORY, an unknown business entity; BURLINGTON COAT FACTORY OF CALIFORNIA LLC, a California Limited Liability Company; BURLINGTON COAT FACTORY WAREHOUSE OF CA, an unknown business entity, and DOES 1 through 50, inclusive,<br><br>                    Defendants. | CASE NO. CV13-02426 DDP (RZx)<br><br>Magistrate Judge:  Ralph Zarefsky<br>Courtroom:            540<br><br>Complaint filed October 11, 2012<br><br>**[PROPOSED] PROTECTIVE ORDER ON STIPULATION OF THE PARTIES**<br><br>NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT |

("PROPOSED" is struck through.)

Pursuant to the Stipulation of the Parties, by and through their counsel of record, Plaintiff ARMIDA RODRIGUEZ ("Plaintiff") and Defendants BURLINGTON COAT FACTORY WAREHOUSE CORPORATION and BURLINGTON COAT FACTORY OF CALIFORNIA LLC (collectively, "Burlington" or "Defendants"), this Court makes the following Order:

    1.    <u>Proceedings and Information Governed</u>.  This Order will govern the

video surveillance footage and documents produced by Burlington in this action. The information protected includes, but is not limited to, information produced in connection with Federal Rule of Civil Procedure 26, information contained in responses to demands for identification and production of documents or other things; responses to special interrogatories; deposition testimony and exhibits, including any documents or other information or materials that may be produced prior, or subsequent, to any depositions; and all copies, extracts, summaries, compilations, and portions of the foregoing.

    2.    <u>"Confidential" Information or Material Defined</u>. For purposes of this Order, "Confidential" information or material will mean all video surveillance footage, information, documents, or material that:

    a.    Is produced for or disclosed to a receiving party (Plaintiff or Defendants); and

    b.    Is among the documents and information Defendants have agreed to produce to Plaintiff; and

    c.    contains private and confidential information of third parties or proprietary information of Burlington.

    3.    <u>Designation of "Confidential" Information or Material</u>. All video surveillance footage and documents, including but not limited to the putative Class List, produced by Burlington will be designated as "Confidential" with a stamp or other inscription on the video disc and documents that states: "Confidential" or "Confidential Pursuant to Protective Order."

    4.    <u>Party's Own Information</u>. The restrictions on the use of "Confidential" information or material established by this Order apply only to the use by a party of "Confidential" information or material received from another party to this action, or from a non-party to this action, and shall not apply to the use by a party of her/its own information.

///

5. <u>Persons Authorized to Receive Confidential Information and Material</u>. For purposes of this Order, the term "qualified recipient" of information and material that has been designated pursuant to the terms of the Stipulation of the Parties, and in compliance with this Order shall mean:

    (a) The parties to this action, including officers, directors, and other employees of the party to whom disclosure of confidential information is deemed necessary by that party for purposes of this action only;

    (b) The attorneys of record in this action, attorneys employed in-house by or on behalf of the parties, any attorneys retained by the parties in this action to consult on the litigation, their respective partners, associates, clerks, legal assistants, secretaries, and stenographic and support personnel, and such other persons retained by such attorneys to provide litigation support services in this action including outside consultants or experts;

    (c) This Court and its personnel and jury members, and any persons to whom the Court in this action orders that disclosures may be made.

    (d) During their depositions, witnesses in this action to whom disclosure is reasonably necessary and only if the witnesses agree in writing to be bound by the terms of this Order.

    (e) Any other person with prior written consent of the designating party. Each person to whom disclosure of "Confidential" information is made agrees to be subject to the jurisdiction of this Court solely for purposes of proceedings relating to that person' s performance under, compliance with, or violation of this Order.

6. <u>Use of "Confidential" Information or Material</u>. Information or material designated as "Confidential" will be handled by the receiving party in accordance with the terms of the Stipulation of the Parties, and this Order. Information and material designated as "Confidential" will be held in confidence by the receiving party, will be used by each receiving party for purposes of this

action and trial only and not for any business, competitive, marketing, or other purpose unless agreed to in writing in advance by all parties to this action or as authorized by further Order of the Court, and will not be disclosed to, or the substance discussed with, any person who is not a qualified recipient. The information or material produced, including but not limited to the putative Class List, will not be sold or provided to another person(s) or entity(ies), placed on any Internet website, or used to create any Internet website.

7. <u>Copies of "Confidential" Information or Material</u>. Nothing in this Order shall prevent or otherwise restrict a qualified recipient from making working copies, abstracts, summaries, digests and analyses of "Confidential" information or material for use in connection with this action and trial only. All working copies, abstracts, summaries, digests and analyses will also be considered "Confidential" under the terms of this Order.

8. <u>Transmission of "Confidential" Information or Material</u>. Nothing in this Order shall prevent or otherwise restrict the transmission or communication of "Confidential" information or material between or among qualified recipients of such material.

9. <u>Sealing and Filing of "Confidential" Information or Material</u>. Any party seeking to file with the Court information or material designated as "Confidential" is required to file a motion or application with the Court to seal such records and to take whatever other and further steps are necessary in accordance with United States District Court, Central District, Local Rule 79-5, as well as all other applicable Federal and Local Court Rules.

10. <u>Court Proceedings</u>. Any portion of a court hearing or other proceeding that reveals "Confidential" information shall be held in camera in the Court's discretion.

///
///

11. <u>Challenging Confidentiality Designations</u>.  Any party may challenge a designation of information or material as "Confidential," but shall do so in a prompt fashion.  A party that elects to initiate a challenge to a designating party's designation of information or material as "Confidential" shall first meet and confer in good faith with counsel for the designating party.  If a challenge to a confidentiality designation cannot be resolved without Court intervention, the party making the challenge shall file and serve a motion under Local Rule 7 (and in compliance with Local Rule 79-5, if applicable) for an order that the information or material at issue not be so designated.  Until the Court rules on the motion, the parties shall continue to treat the information or material in question as "Confidential" in accordance with the Stipulation of the Parties and this Order.

12. <u>Testimony</u>.  Any party shall identify on the record, before the close of the deposition, hearing or other pretrial proceeding, all information or material designated as "Confidential."  Alternatively, any party may invoke on the record (before the deposition, hearing or proceeding is concluded) a right to have up to twenty (20) calendar days to designate specific portions of the testimony, any exhibits thereto, or the entirety of the transcript as "Confidential."  During the twenty (20) calendar day period, the original, and all copies of any deposition transcript, and exhibits, will be initially considered as a whole to constitute "Confidential" information subject to this Order and will be conspicuously marked as such.  In any event, pages of transcribed deposition testimony or exhibits to depositions that reveal information or material designated as "Confidential" must be separately bound by the court reporter and may not be disclosed to anyone except as permitted by this Order.

Notwithstanding any provision of this Order to the contrary, any person may be examined as a witness at deposition and may testify concerning all "Confidential" information of which the person is the author, addressee or has knowledge.  If the examination reveals "Confidential" information or material, the

1 producing party will have the right to exclude from that portion of the deposition
2 that reveals the "Confidential" information or material any person other than the
3 witness, the witness's attorney(s), and qualified recipients of the "Confidential"
4 information or material.  If the witness and/or his or her attorney is not a qualified
5 recipient, then before the examination commences regarding the "Confidential"
6 information or material, the witness and his or her attorney each will be requested
7 to provide written confirmation that he or she will comply with the terms of this
8 Order, and maintain the confidentiality of the "Confidential" information or
9 material disclosed during the course of the interview or examination.  If the
10 witness and/or his or her attorney declines to provide written confirmation agreeing
11 to the terms of this Order, the producing party has the right to adjourn the
12 examination concerning the "Confidential" information and material to promptly
13 seek a further protective order from the Court requiring that the witness and/or his
14 or her attorney comply with the terms of this Order.
15       Any court reporter who takes down testimony in this action that reveals
16 "Confidential" information or material, through interview, examination, deposition
17 or otherwise (collectively "deposition"), will be given a copy of this Order, and
18 will be required to agree on the transcript of the deposition that he or she will not
19 disclose any testimony and/or information that reveals "Confidential" information
20 or material, except to the attorneys of record for the parties in this action or to such
21 other qualified recipients as the attorneys of record for the parties so designate in
22 writing to the court reporter.
23       13.    <u>Attorneys' Actions</u>.  Nothing in this Order will bar or otherwise
24 restrict an attorney who is a qualified recipient from:
25       (a)    Rendering advice to his, her or its client with respect to this
26 action; or
27       (b)    Generally referring to or relying on his or her examination of
28 documents that have been produced pursuant to this Order, and that contain

"Confidential" information.

14. <u>Inadvertent Failures to Designate</u>: An inadvertent failure to designate information or material as "Confidential" shall not waive the designating party's right to subsequently secure protection under this Order. If any information or material is appropriately designated as "Confidential" after it is initially produced, the receiving party shall make reasonable efforts to assure that the information or material is treated as "Confidential" pursuant to the Stipulation of the Parties and this Order.

15. <u>No Probative Value</u>. The fact that information has been designated as "Confidential" will not be admissible during trial. Any designation of information or materials as "Confidential" pursuant to this Order shall not be construed as an admission of relevance. This Order shall not constitute a waiver of the rights of any party to make objections or assert privileges in connection with discovery in this action or the introduction in this action of "Confidential" information or material on any grounds, other than those related to confidentiality pursuant to the terms of this Order.

This Order will not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or person with respect to any "Confidential" information or material.

16. <u>Return of Information and Materials</u>. At the conclusion of this action, all "Confidential" information or material will, within sixty (60) days of written request of the party furnishing the information or materials, be delivered to the party that furnished the "Confidential" information or material, or shall be destroyed by the receiving party, whereupon the receiving party shall provide written confirmation to the designating party of the destruction of the "Confidential" information or material within the sixty (60) day time period described above. This provision shall not apply to court filings or file copies of pleadings, briefs or correspondence maintained by the parties' respective counsel

in the ordinary course of business.

All "Confidential" information not embodied in written materials, documents, or tangible items will remain subject to this Order. For purposes of this paragraph, "conclusion of this action" shall mean, as to any party, the dismissal of that party from this action by Order of Court, whether by stipulation, Request for Dismissal, or other proceeding, or final judgment as against that party after expiration of all appellate rights or the time for any such appeal.

This paragraph shall not apply to this Court or its personnel.

17.  Court's Jurisdiction. The Court retains jurisdiction to make amendments, modifications, deletions, and additions to the Order approving the Stipulation of the Parties as the Court from time to time considers appropriate. This Order is entered without prejudice to the right of any party to apply to the Court at any time to modify the restrictions of this Order, when convenience or necessity requires.

**IT IS SO ORDERED;** however, notwithstanding anything to the contrary stated above, this order shall not govern in connection with dispositive motions or at trial. A different legal standard applies at that time. . *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). A party seeking protection in connection with either dispositive motions or at trial must make separate application to the judge presiding over those proceedings.

Dated:  August 26, 2013

_____
The Honorable Ralph Zarefsky
Magistrate Judge

1  Submitted by:

2  RASTEGAR LAW GROUP, APC
   FARZAD RASTEGAR (SBN: 155555)
3  farzad@rastegarlawgroup.com
   WENDY SHA (SBN: 240364)
4  wendy@rastegarlawgroup.com
   1010 Crenshaw Boulevard, Suite 100
5  Torrance, CA 90501
   Telephone:  (310) 961-9600
6  Facsimile:   (310) 961-9094

7  Attorneys for Plaintiff ARMIDA RODRIGUEZ

8  JOSHUA B. WAGNER  (SBN:  162092)
   jwagner@gordonrees.com
9  LISA K. GARNER  (SBN:  155554)
   lgarner@gordonrees.com
10 MARITA N. LAUINGER
   mlauinger@gordonrees.com
11 GORDON & REES LLP
   633 West Fifth Street, 52nd Floor
12 Los Angeles, CA  90071
   Telephone:  (213) 576-5000
13 Facsimile:   (213) 680-4470

14 Attorneys for Defendants
   BURLINGTON COAT FACTORY
15 WAREHOUSE CORPORATION;
   BURLINGTON COAT FACTORY OF
16 CALIFORNIA LLC

17

18

19

20

21

22

23

24

25

26

27

28

BCF/1084910/16535282v.1

-9-