1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 ARMIDA RODRIGUEZ, individually<br>12 and on behalf of all others similarly<br>situated and on behalf of the general<br>13 public,<br>14<br>Plaintiff,<br>15 vs.<br>16<br>BURLINGTON COAT FACTORY<br>17 WAREHOUSE CORPORATION, a<br>New Jersey Corporation;<br>18 BURLINGTON COAT FACTORY OF<br>CALIFORNIA LLC, a California<br>19 Limited Liability Company; and DOES<br>20 1 through 50, inclusive,<br>21<br>Defendants.<br>22 | Case No. CV 13-02426 DDP (RZx)<br><br>**ORDER GRANTING MOTION FOR<br>PRELIMINARY APPROVAL OF<br>CLASS ACTION SETTLEMENT**<br><br>[DOCKET NUMBER 76] |

23
24
25
26
27
28

On October 12, 2015, Plaintiff filed her Motion for Preliminary Approval of Class Action Settlement.  The Court has considered Plaintiff's Motion and supporting evidence as well as the Joint Stipulation for Class Action Settlement ("Settlement Agreement"),[1] and [Proposed] Notice of Pendency and Settlement of Class Action and Claim Information Form. The Court also balanced a number of factors relevant to the claims asserted in the Consolidated First Amendment Complaint, including the strength of allegations set forth in Plaintiff's First Amended Complaint; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; and the experience and views of counsel.

Having considered the Settlement Agreement, and all the supporting legal authorities and documents,

**IT IS HEREBY ORDERED THAT:**

1.      The action is preliminarily certified as a class action, for purposes of settlement only, on behalf of all current and/or former non-exempt, hourly employees of Burlington who worked in a Burlington retail store in a non-managerial position in the State of California at any time beginning October 11, 2008 through the date of Preliminary Approval of the Class Action Settlement (the "Settlement Class" or, individually, "Settlement Class Members").

2.      With respect to the Settlement Class, the Court finds, solely for purposes of the settlement, and with no other effect on this litigation, including if the Settlement Agreement ultimately is not approved or final judgment is not entered, that the proposed class meets the requirements of certification under Rule 23 of the Federal Rules of Civil Procedure in that: (a) the Settlement Class is

---

[1] Undefined capitalized terms used herein have the same meaning ascribed to them in the Settlement Agreement.

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

ascertainable; (b) the Settlement Class is so numerous that joinder of all Class Members in the Action is impracticable; (c) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (d) the representative Plaintiff claims are typical of those of the Settlement Class; (e) Plaintiff and Class Counsel have fairly, adequately, reasonably and competently represented and protected the interests of the Settlement Class throughout the litigation; and (f) a class action is superior to other methods for the fair and efficient adjudication of this action.

3.     The class action settlement set forth in the Settlement Agreement is preliminarily approved as it appears to be fundamentally fair, adequate and within the range of reasonableness.  *See* Fed. R. Civ. P. 23(e); *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 964-64 (9th Cir. 2009).  The Court finds the Settlement Agreement to be presumptively valid, subject only to any objections that may be raised at the Final Fairness and Approval hearing.

4.     For purposes of the proposed settlement, the Court hereby approves Rastegar Law Group, APC, The Cooper Law Firm, P.C., The Carter Law Firm, and Aegis Law Firm, PC as Class Counsel for the Settlement Class.

5.     The Court hereby approves Plaintiff Armida Rodriguez as class representative for the Settlement Class.

6.     The Court hereby approves ILYM Group, Inc. as Claims Administrator for the purpose of this settlement.

7.     The Court approves, as to form and content, the proposed Notice of Pendency and Settlement of Class Action and Claim Information Form ("Notice Package").

8.     The Court directs the mailing, by first class mail, of the Notice Package to the Class Members in accordance with the schedule set forth in the Settlement Agreement.  The Court finds that the methods and dates selected for the mailing of these documents meet the requirements of due process, provide the best

notice practicable under the circumstances and constitute due and sufficient notice to all persons entitled to notice.

9.      Pending the Court's final approval of the Settlement Agreement, all proceedings in this action, except those related to claims administration and approval of the Settlement Agreement, are stayed.

10.      Members of the Settlement Class who object to the Settlement Agreement are not required to appear at the Fairness Hearing.  However, persons wishing to be heard orally in opposition to the approval of the Settlement Agreement are required to state in their written objection their intention to appear at the hearing.

11.      Plaintiff shall file his Motion for Attorney's Fees and Litigation Expenses no later than fourteen (14) days before the date established pursuant to Section 3.04 (c) of the Settlement Agreement for Class Members to file and deliver written objections to the Settlement.

12.      Under no circumstances shall this Order be construed, deemed or used as an admission, concession or declaration by or against Defendants of any fault, wrongdoing, breach or liability.  Nor shall the Order be construed, deemed or used as an admission, concession or declaration by or against Class Representative or members of the Settlement Class that her claims lack merit or that the relief requested in the instant action is inappropriate, improper or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have.

13.      Should the Settlement Agreement not be finally approved, or should the Effective Date, as that term is defined in the Settlement Agreement, not occur, this Order shall be null and void and of no further force and effect, and the parties shall be restored to their respective positions prior to the execution of the Settlement Agreement.  Upon such nullification, neither this Order nor the Settlement Agreement shall be used or referred to for any purpose in this action or

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1  in any other proceeding, and the Settlement Agreement and all negotiations thereto

2  shall be inadmissible.

3      14.     The Final Fairness and Approval Hearing will be held on February 29,

4  2016, at 10:00 a.m.

5      15.     Plaintiff shall file a Motion for Final Approval, and the parties may

6  file supplemental briefs regarding proof of mailing, objections, and any related or

7  outstanding issues, no later than fourteen (14) days prior to the Final Fairness and

8  Approval Hearing.

9

10  **IT IS SO ORDERED.**

11

12  DATED:  December 02, 2015

13  _____

14  Honorable Dean D. Pregerson
    United States District Judge

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT